## In re McCLELLAN'S ESTATE.

Petitioners for the revocation of letters of administration of a decedent claimed to be his children and grandchildren, and on the trial gave in evidence a certified copy of a record of a marriage in a foreign country, purporting to be the marriage of a decedent.   After judgment against them, they filed a motion for a new trial on the ground of newly discovered evidence, which consisted of a photograph of the original marriage record, containing the signature of the con-

tracting parties, and showed that one of the signatures was the signature of decedent. Held, that the newly discovered evidence was not cumulative, within the rule that a motion for a new trial on the ground of newly discovered evidence which is cumulative will be denied, though the proposed evidence tended to prove the ultimate fact sought to be proved by the petitioners.

On a motion for a new trial on the ground of newly discovered evidence, the newly discovered evidence will be treated as true, though contradicted by the affidavits of the adverse party.

On February 24, 1900, petitioners, claiming to be the children and grandchildren of a decedent, filed a petition for the revocation of letters of administration of his estate. They then had in their possession what purported to be a certified copy of the marriage of decedent in a foreign country. The trial took place in June, 1901. After judgment against them, they applied for a new trial on the ground of newly discovered evidence, which consisted of photographs of the original marriage record. Held, that it was error to deny the motion for a new trial on the ground of want of diligence to procure the newly discovered evidence.

Where, on the hearing of a petition for the revocation of letters of administration of the estate of a decedent, filed by petitioners, who claimed to be his children and grandchildren the testimony of a grandchild was attacked as untrue and a recent fabrication, on the ground that he had a motive for falsifying his evidence to advance the interest of the petitioners, evidence of a letter previously written by the grandchild, stating that he had seen and talked with his grandfather, the decedent, in the town in which decedent lived, together with the testimony of a third person to whom the grandchild made similar statements, was admissible.

Haney, J., dissenting.

(Opinion filed, April 2, 1907.)

On rehearing. Former opinion modified and order denying a new trial reversed.

For former opinion, see 20 S. D., 498, 107 N. W. 681.

*Grigsby & Grigsby,* for petitioner. *Philo Hall, Atty. Gen., Aubrey Lawrence, Asst. Atty. Gen.,* and *Alpha Orr, State's Atty.,* for the State.

CORSON, J. This case was before us at a former term of this court on the appeals of the Canadian claimants and the Arkansas claimants to the estate of John McClellan, deceased. The claimants denominated in the opinion "the Irish claimants" took no appeal. On the hearing of the appeal the findings and judgment of the court below, finding against the claims of the Canadian claimants and Arkansas

claimants, were affirmed; the opinion on that appeal being reported in 107 N.W. 681. The Arkansas claimants filed a petition for rehearing, which was granted, and the case is now before us on the rehearing. The facts are so fully stated in our opinion, showing the claims of the respective parties, that we do not deem a further statement necessary. Two questions were discussed by counsel in their arguments and briefs: (1) Did the court err in denying plaintiff's motion for a new trial on the ground of newly discovered vidence? (2) Was the letter written by William McClellan, who claims to be the grandson of the decedent, to his uncle, in 1895, and the testimony of R. H. Hanna as to statements made to him by the witness in corroboration of his testimony on the stand, admissible?

One of the questions upon which the motion for a new trial was based by the appellant was newly discovered evidence which could not by reasonable diligence have been produced upon the trial. The newly discovered evidence upon which the claimants sought a new trial consists of a photograph of the record of the marriage of John McClellan to Hannah Cruikshank in Ireland, which shows, as contended by the appellants, that the signature to that record, purporting to be signed by John McClellan, was the signature of the decedent. The Attorney General contends, in support of the ruling of the trial court; (1) That the newly discovered evidence set out in the affidavits on the part of the appellant was cumulative: (2) that sufficient diligence was not shown in procuring the evidence; (3) that the evidence is not material, and that if a new trial should be granted there is no probability that the production of this evidence would change the result. The appellant contends that the evidence is not cumulative, and, if taken in connection with the other evidence in the case, would tend to establish the right of the Arkansas heirs to the estate of John McClellan. While they admit that there was some delay in procuring this evidence, they contend that under the circumstances of this case such delay was excusable and should not preclude them from the benefit of this evidence.

This court in its former opinion held that the trial court properly denied a new trial; but a careful review of the evidence in

support of the motion leads us to the conclusion that this court was in error in affirming the decision of the court below, denying appellant's motion. This court, in assuming that the evidence sought to be obtained and introduced on the trial of this action was cumulative, seems not to be sustained by the authorities. The Supreme Court of Connecticut, in the case of Waller v. Graves, 20 Conn. 305, in discussing the subject of what constitutes such evidence, says: "From some of the cases on this subject it may, perhaps be inferred that courts have supposed all additional evidence to be cumulative merely which conduced to establish the same ground of claim or defense before relied upon, and that none would be available for a new trial unless it disclosed or established some new ground. But this does not seen to us to be the true rule, as recognized in the best-considered cases. There are often various distinct and independent facts going to establish the same ground on the same issue. Evidence is cumulative which merely multiplies witnesses to any one or more of these facts before investgation, or only adds other circumstances of the same general character. But that evidence which brings to light some new and independent truth of a different character, although it tend to prove the same proposition or ground of claim before insisted on, is not cumulative within the true meaning of the rule on this subject * * * Suppose a question on trial to be whether the note of a deceased person had been paid, and witnesses have been introduced testifying to various facts conducing to prove such payment, and after a verdict for the plaintiff the executor should discover a receipt or discharge in full, or had discovered that he could prove the deliberate confession of the plaintiff of the payment of the note; there could be no question, in such a case, but a new trial should be granted, although the new facts go to prove the former ground of defense." The above was quoted with approval by the Supreme Court of Wisconsin in the case of Wilson v. Plank, 41 Wis. 94; and that learned court further cites in support of the rule adopted in that case the following cases: Guyot v. Butts, 4 Wend. (N. Y.) 579; Parker v. Hardy, 24 Pick. (Mass.) 246. In Am. & Eng. Enc. Law, vol. 8, p. 464, the author, in speaking upon this subject, says: "Evidence is cumulative if it relates to the same sub-

ordinate or specific fact to which proof was before adduced, but not when it tends to prove a new fact respecting the general question or point in issue." See, also, cases there cited.

On the trial of this case no evidence was introduced proving or tending to prove that the signature, purporting to be the signature of John McClellan to the marriage record in Ireland, was identical or similar to the signature of the decedent, as shown by his admitted or proved signatures to various checks and contracts in evidence in this case; hence such evidence was not cumulative in the sense in which that term is used in the opinons of courts and law writers. The proposed evidence was in distinct facts, tending, it is true, to prove the ultimate fact in the case, but which had not before been given in evidence. This evidence was material; for, if it were true, as claimed, that the person who signed the marriage record was the John McClellan of Sioux Falls, that fact, taken in connection with other facts in the case, would tend to establish the claim of the Arkansas claimants. It is stated in our former opinion that the newly discovered evidence proposed to be introduced on a new trial was controverted by affidavits read on the hearing of the motion, and therefore the evidence could not be of very much value on another trial. On the argument for rehearing, however, the attention of this court was called to the case of Goldsworthy v. Town of Linden, 75 Wis. 24, 43 N. W. 656, in which that learned court held that: "Such conflict, however, cannot be determined upon affidavits. For the purpose of the motion, such newly discovered evidence must be regarded as true." We are inclined to take the view that this is the proper rule to be adopted in this class of cases, and that the statement of this court in his former opinion should be modified to correspond with this view. The trial court, therefore, should have disregarded these affidavits offered in opposition to the affidavits on the part of the appellant.

It was further stated in our opinion that sufficient diligence was not used on the part of the appellant to procure this newly discovered evidence; but, on a review of the circumstances attending the repeated trials of this case in connection with the Irish claimants and the Canadian claimants, we are inclined to the opinion that the

greatest possible diligence should not have been required of the appellant, and under the facts disclosed by the record we think that he should not be chargeable with want of diligence. While it is the general rule that this court will not review the decisions of trial courts in granting or refusing new trials on the ground of newly discovered evidence, unless there has been a manifest abuse of discretion, we are of the opinion that in this case the court should have exercised its discretion in favor of the appellant. In view of all the complications arising on the trial of the different claimants in one action, we are of the opinion that justice will be promoted by granting appellant a new trial; and our former opinion, therefore, affirming the decision of the trial court in denying appellant a new trial, is disaffirmed, and the order denying a new trial is reversed.

On the trial of this cause a letter, purporting to have been written by the witness William McClellan to his uncle in March, 1895, in which he stated that he had visited his grandfather in Sioux Falls, and that his grandfather had given him a little money, and the evidence of one R. H. Hanna that the said William McClellan, some time between August, 1894, and the summer of 1895, made statements to him of a similar nature, were admitted. In our former opinion it was assumed by this court that this evidence was inadmissable, and the presumption was indulged in, usual in cases tried by a court, that the trial court had disregarded the evidence. As the question of the admissibility of this evidence may arise upon another trial, we have deemed it proper to further consider the question presented, and upon such review we have arrived at the conclusion that the expressions of this court made upon that subject should be modified. This court in its former opinion evidently failed to give proper consideration to the exception to the general rule stated in the opinion.

The exceptions to the rule are very clearly stated in the headnote of the case of Robb et al. v. Hackley & Welton, 23 Wend. (N. Y.) 50, which, after a statement of the general rule, reads as follows: "It seems, however, that to this rule there are exceptions, and that under special circumstances such proof will be received; as, where the witness is charged with giving his testimony under the

influence of some motive prompting him to make a false or colored statement, it may be shown that he made similar declarations at a time when the imputed motive did not exist. So, in contradiction of evidence tending to show that the account of the transaction given by the witness is a fabrication of late date, it may be shown that the same account was given by him before its ultimate effect and operation arising from a change of circumstances could have been foreseen." The above headnote is substantially copied with approval by Mr. Jones in his work on Evidence (volume 3, § 873). And in Encyclopædia of Evidence, vol. 7p p. 235, 236, the author, in speaking upon this subject, says: "Similarly, where proof tending to show that a witness' testimony is a recent fabrication is put in, the witness' correspondent statements about the time of the transaction may be put in. * * * Where a showing is made that a witness has testified under a motive (as bias, hostility, or interest) tending to induce him to testify in behalf of a certain party (such showing often being accompanied by proof of variant statements), proof of the witness' correspondent statements, made before the motive arose, or before the witness could forsee the effect and operation of his statements, is admissible to sustain him."

The exception to the general rule was clearly stated by the Supreme Court of Tennessee in the case of Hayes v. Cheatham and Wife, 74 Tenn. 1. In that case the plaintiff and her husband instituted an action in the court below to recover of the defendant in the action the sum of $10,000, alleged to have been loaned to him by her. The defendant denied all indebtedness, and alleged that the plaintiff was indebted to him in a larger sum for services rendered her in caring for several plantations under her charge. The plaintiff, Mrs. Cheatham, on the trial insisted that the services performed were performed under a special contract, and testified fully as to such a contract. The defendant, however, denied the existence of such a contract, and thereupon the plaintiff, over the objection of defendant's counsel, was permitted to show that about the time of the making of the alleged contract she stated to her agent, Capt. Dufield, that she had made a special contract with the defendant in regard to his services. The admission of this evidence was assigned as error, and the court in its opinion says: ".The plaintiff

in error now objects that the court erred in admitting the testimony of Dufield. This very point has been several times before the court, on the last occasion one of the parties to the suit being the witness whose corroborating statements were sought to be introduced, and it has been invariably decided that the evidence was admissible. * * * The rule is that where it is attempted to be established that the statement of a witness on oath is a recent fabrication, or where is is sought to destroy the credit of the witness by proof of contradictory representations, evidence of his having given the same account of the matter at a time when no motive existed to misrepresent the facts ought to be received, because it naturally tends to inspire confidence in the sworn statement. The present case is clearly within the rule." It is true that, in stating the exception to the rule, what proof is required in order to show that the evidence is claimed to be a fabrication of late date is left in doubt; but, as will be seen in the case of Hayes v. Cheatham and Wife, supra, that the fact that the testimony of the plaintiff was contradicted by the testimony of the defendant was sufficient to admit the introduction of the corroborating statements. Clearly no direct charge is required to be made by a party that the evidence of a witness which he claims to be a fabrication is such; but where by contradictory evidence, or where from the nature of the case the testimony of the witness is indirectly claimed to be fabricated, the exception to the rule admitting corroborating evidence applies.

In the case at bar it is quite clear, from the cross-examination of the witness William McClellan on the trial and the arguments of counsel, that one of the grounds for the denial of the claims of the Arkansas claimants was based upon the theory that the testimony of the said William McClellan was untrue and a recent fabrication, for the reason that he had a motive, being one of the claimants, in coloring or falsifying his evidence in the case in order to advance the interest of such heirs. Taking this view of the case, we are clearly of the opinion that the letter written by William McClellan to his uncle and the evidence of R. H. Hanna are competent as evidence and were properly admitted. It is quite clear, therefore, that in our former opinion this court overlooked the fact that the conditions in the case at bar were such as to bring

the same within the exception, assuming, of course, that there was satisfactory proof that the letter was written at the time it purports to have been written, that the statements were made to Hanna at the time testified to by him, and that the witness at that time had no motive for making false statements to his uncle as to having visited his grandfather in Sioux Falls.

The order of the circuit court denying a new trial is reversed.

HANEY, J., dissents.