MAY SMILEY, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF WINIFRED DEMAREST, PLAINTIFF, v. REID ICE CREAM CORPORATION AND STEVE SILINSKI, DEFENDANTS.

Submitted May term, 1926—Decided November 11, 1926—Filed January 5, 1927.

Negligence—Death of Child Less Than Nine Years Old Caused by Automobile on Public Highway—Evidence Clear There was Negligence on Part of Driver—Verdict of $5,000 For Plaintiff Held Not Excessive.

On defendants' rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the defendants, *Marshall Van Winkle.*

For the plaintiff, *Charles A. Rooney.*

PER CURIAM.

This case is before us on a defendant's rule to show cause. The action was brought under the statute to recover damages for the death of a child.  The case was tried at the Hudson

Circuit. The jury returned a verdict for the plaintiff in the sum of $5,000. Application was made by the defendant Reid Ice Cream Corporation to the trial judge for a rule to show cause, which he denied. Later, application was made to this court by the same defendant. The rule was granted.

The plaintiff's intestate, Winifred Demarest, was killed by a truck of the Reid Ice Cream Corporation on August 22d, 1925. Winifred Demarest at the time of her death was eight years and eleven months of age. Her father was dead. Her mother had remarried. The child lived with her mother. On the day of the occurrence of the accident the mother and daughter were upon a trolley car which was going south on Jackson avenue, in the city of Jersey City. Jackson avenue runs approximately north and south. It was crossed by an avenue known as Armstrong avenue, which runs east and west. The child was going to take a message to her mother's sister, who lived on Ocean avenue, an avenue which was parallel with Jackson avenue and off of Armstrong avenue. The car stopped on Jackson avenue at the north side of Armstrong avenue. Winifred alighted from the car at this point by passing out of the front door. Her mother remained on the car. The child then walked over the crossing towards the northeast corner of Jackson avenue and Armstrong avenue. The car proceeded south on Jackson avenue. Just as Winifred was within a few feet of the northeast corner of Jackson avenue and Armstrong avenue, a truck of the defendant company was proceeding north on Jackson avenue. When the child was five feet from the east curb on Jackson avenue the truck was ten feet from the southerly line of Armstrong avenue. Armstrong avenue was forty feet in width. The truck hit the child before she reached the northeast corner of Jackson and Armstrong avenues, so that while the child was going less than five feet the truck had proceeded about fifty feet. The driver of the truck blew no horn. The right front portion of the automobile struck the child, throwing her a distance of about five feet. The street was dry. The pavement afterwards showed signs of being burned by the application of the brakes. The truck, according to one witness, went from

fifty to sixty feet after it struck the child before it was stopped. Another witness testified that the truck went twenty-five feet after it struck the child. The driver had a good view of the street in front of him. He was on his way home at the end of his day's work. The child was crossing the street, where she had the right to cross, at a crosswalk.

The first contention of the defendant is that the trial court should have granted either the motion to nonsuit or the motion made by the defendant for the direction of a verdict in their favor. We think the facts recited show evidence of negligence which required the question of the defendant's negligence to be submitted to the jury. The court ruled properly, in our opinion, when it denied these motions.

.The second point contended for by the defendant is that the verdict is excessive. The testimony showed that the deceased child was prepossessing in her personal appearance. She had blonde hair, big eyes, rosy cheeks, a fair, natural complexion, and a fine physique. She was healthy. She had a good voice. While a number of cases can be found in our reports where verdicts have been· rendered for lesser amounts, yet there are reported a number of cases in which verdicts for the death of a child have been sustained in the amount of $5,000 and upwards. In the case of *Kopko, Admr.,* v. *New York Live Poultry Trucking Co.,* 3 *N. J. Mis. R.* 498, a verdict of $15,000 for the death of a body twelve and one-half years was sustained. A verdict of $5,000 is in no sense so excessive as to shock the conscience or to lead to the belief that the jury were prejudiced against the defendant company.

The defendant also contends that it was improper to admit evidence to the effect that the child could sing well and that she had sung at a vaudeville show where she had obtained a first prize, and that she was of good personal appearance. Evidence of this nature has been quite generally received. *Kopko, Admr.,* v. *New York Live Poultry Trucking Co., supra.* Jurors are entitled to know the talents, abilities and personal appearance of the deceased, in order to guide them in assessing the amount of the damages as to pecuniary loss.

The pecuniary loss would be greater if the child had the talents and earning ability of Jackie Coogan, for example, than if the deceased child were an idiot or of mediocre ability. The only way to arrive at the pecuniary loss sustained is by testimony as to the abilities, &c., of the child.

The rule to show cause is discharged.