CAROLINE M. DEVINE, ADMINISTRATRIX AD PROSEQUENDUM, PLAINTIFF, v. RALPH L. CHESTER, DEFENDANT.

Submitted May 11, 1928—Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Bourgeois & Coulomb*.

Contra, *Patrick H. Harding.*

PER CURIAM.

This case is before this court upon a defendant's rule to show cause. It is a death case. Caroline M. Devine, as administratrix *ad prosequendum* of the estate of John Devine, instituted suit against Ralph L. Chester to obtain damages for the death of John Devine who was struck and fatally injured by the defendant's automobile. The accident occurred on December 4th, 1926, at Fifth and Asbury avenues, in the city of Ocean City, Devine had ridden from Somers Point in a car owned by a friend and driven by a chauffeur. Asbury avenue parallels Ocean avenue, one block distant. It runs approximately east and west. It is crossed by streets designated as Fourth, Fifth, Sixth streets, &c. Devine lived at 426 Asbury avenue, which is south of Fifth street. The car in which he had come from Somers Point stopped on the right hand side of Asbury avenue. This is the ocean side. Devine alighted. He spoke for a brief space of time to those in the car. He then started to cross Asbury avenue to the other side of the street where he lived. He passed back of his friend's car which at that time started to move. Devine passed the center line of Asbury avenue and was approaching the opposite curb when he was struck by the automobile of Chester which was being driven by Chester. The righthand fender struck Devine. He died two days later at the Atlantic City Hospital. The defenses to the action were, first, contributory negligence on the part of Devine, and second, absence of negligence on the part of the defendant. The defendant contended that he was temporarily blinded by the bright headlights of an approaching automobile and was thus unable to see Devine.

With reference to the question of contributory negligence the facts presented are not similar to the case relied upon by the defendant of *Conrad* v. *Green,* 94 *Atl. Rep.* 390 (not officially reported). In this case the plaintiff was crossing West State street in the city of Trenton and in doing so passed directly in front of a westbound trolley car which was stationary. Conrad's vision of west bound vehicles was entirely cut off by the trolley car. As Conrad emerged on the far side he was hit by the defendant's automobile. Conrad in his action was nonsuited. In the present case Devine had

crossed over half the street. He was in clear view of Chester who was driving his car. While the evidence would tend to show that Devine was not crossing at a crosswalk but near a crosswalk, this fact did not make the case one of contributory negligence *per se*. The question of contributory negligence was under all the evidence for the jury to decide.

The second ground is that the defendant was not negligent. The accident occurred in a closely built up part of Ocean City. There were several witnesses who testified that the speed of Chester's car at the time was not less than twenty miles per hour and some gave the speed as between twenty-five and thirty miles per hour. The car was, therefore, being driven at an excessive speed. We see no merit in the defendant's contention that he was absolved from negligence because of glaring headlights obstructing his vision. Under such circumstances it is necessary for a driver to stop or slow his car in order to avoid going where he cannot see. *Hammond* v. *Morrison*, 90 *N. J. L.* 15.

We have reached the conclusion that the verdict was not contrary to the weight of the evidence. No question is raised as to whether the verdict is excessive. The rule to show cause is discharged.