TAECKER, Respondent, v. PICKUS, et al, Appellants.

(235 N. W. 504.)

(File No. 7046. Opinion filed March 16, 1931.)

*Sutherland, Payne & Linstad,* of Pierre, for Appellants.
*Martens & Goldsmith,* of Pierre, for Respondent.

BURCH, J. Plaintiff brings this action to recover damages for personal injuries sustained in an automobile accident. The cause was tried to a jury, and verdict returned in favor of plaintiff. Judgment was entered thereon, and defendant appeals from the judgment and an order denying a new trial.

Only one question is presented. Appellant claims there can be no recovery because respondent was guilty of contributory negligence. He admits that, where the evidence is such that different minds may reasonably draw different conclusions as to contributory negligence, the question is for the jury, but contends that, where the court must say from the evidence that ordinarily intelligent, reasonable, and fair-minded men did not and ought not to believe that plaintiff was acting as an ordinarily prudent person would have acted under the circumstances, the question of plaintiff's contributory negligence is for the court. This rule has been applied in Buboltz v. C., M. & St. P. Ry. Co., 47 S. D. 512, 199 N. W. 782; Grosz v. Bone, 48 S. D. 65, 201 N. W. 871, and we think is the well-settled law. See 45 C. J. 1306, § 862, also Lauson v. Fond du Lac, 141 Wis. 57, 123 N. W. 629, 25 L. R. A. (N. S.) 40, 135 Am. St. Rep. 30; Ruth v. Vroom, 245 Mich. 88, 222 N. W. 155, 62 A. L. R. 1528; Bieleke v. United Trucking Service, 247 Mich. 661, 226 N. W. 675; King v. Emmons, 10 La. App.

204, 120 So. 648; Callahan v. Amos D. Bridges Sons, 128 Me. 346, 147 A. 423; Forster v. Outagamie Equity Co-op. Ex., 197 Wis. 63, 221 N. W. 376; Western Union Tel. Co. v. Stephenson (C. C. A.) 36 F. (2d) 47; Haney v. Troost, 242 Mich. 693, 219 N. W. 594; Berrafato v. Exner, 194 Wis. 149, 216 N. W. 165; Hermon v. Egy (Iowa) 207 N. W. 116; Kimmelman v. McGovern (Sup.) 199 N. Y. S. 76; Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572; De Haan v. Wolff, 178 Minn. 426, 227 N. W. 350. When the standard of conduct is clear, the court should declare it. Baltimore & O. Ry. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645. We therefore examine the evidence relative to respondent's conduct to ascertain if it conforms to the required legal standard of care and prudence. In doing so we construe all evidence most favorably to respondent, and all disputed evidence is resolved in respondent's favor.

The facts may be briefly stated as follows: Highway U. S. 16 is a main highway extending across the state from east to west. Appellant is a contractor engaged in road construction. At the time of the accident, he was engaged in graveling a portion of this highway between the towns of Stamford and Belvidere. The graveling was progressing westward, and had reached a section of the road where it turns south and runs straight for more than a mile. The corner where it turns south is known in the record as Barr's corner. The gravel had been laid and spread around this corner and for a short distance south. The last nine truck loads had been dumped in a line in the middle of the road and left without spreading in the forenoon of the day the accident occurred. On the 25th of August, 1928, about 1:30 o'clock in the daytime, respondent, with her husband and son about nine years of age, were coming from the west, and, when they reached this section of road running north and south, turned to the north, and approached Barr's corner from the south. Respondent was driving, her husband was in the back seat, and the young son was in the front seat beside his mother. The road was straight but somewhat hilly, not level. The last hill was not far from Barr's corner, and, after passing over this hill, the road sloped downard to the corner. The gravel piles did not extend south to the brow of this hill, but were all on the north slope. Appellant's evidence shows that the top of the south pile could be seen by the driver of an

automobile coming from the south, and would be continuously visible for more than a half mile immediately before reaching the gravel. This is supported by the engineer's plat and the testimony of several witnesses. Respondent's evidence shows she did not see the gravel, and inferentially that it could not be seen until near the top of the hill. Respondent ran into the gravel, her car was overturned, and she received personal injuries. She testified that she did not see the gravel until it was too late to stop, and that she attempted to avoid it by turning to the left of the road where there seemed to be more room to pass. The car was a Buick, in good running order and with good brakes, having been inspected the day before at Hot Springs and declared to be in good order. Respondent was an experienced driver, and had good eyesight. The day was clear, and there was no traffic in the vicinity of the accident to interfere. It was mentioned in the evidence that there was a strong wind blowing, but neither party treats this fact as important or bearing on the cause of the accident.

■■ Under these facts, we must determine the legal standard of conduct and care required of respondent. She, being experienced, with good eyesight, a safe car, and having nothing to obstruct her vision, might safely drive at a greater rate of speed and with less fixed attention than if inexperienced or with defective eyesight, or vision obscured by traffic, or an unsafe car, but it is not too strict a rule of conduct to require her to see in broad daylight a plainly visible obstruction in the road in time to avoid it, or stop if necessary. She was not bound to see it for half a mile, even though it might be visible for that distance. But, in the exercise of due care, she must at all times see, or know from having before seen, that the road is clear, or apparently clear, and safe for travel, a sufficient distance ahead to make it apparently safe to advance at the speed employed. Where an accident may be avoided by looking, one is bound in the exercise of due care to look.

■■ Respondent's counsel seem to sense the essential element of care lacking in this case, for they say "the gravel pile, what little, if any there was visible, had the appearance of a continuation of the hill." Again: "The court knows of its own knowledge that on such a day there is a certain reflection on the highways of the sun's rays in the nature of a mirage, which would tend to obscure the shape, composition and color of the gravel

pile." Again: "This accident occurred at a place not so very far removed from the Bad Lands, which are just west of Kadoka, and undoubtedly the color of the soil in that region takes on some of the aspects of the grayish-blue soil of the Bad Lands." But this argument overlooks the evidence. Nowhere is there any contention that the gravel was the color of the road, that there was a mirage, or that the gravel pile was mistaken for a continuation of the hill. Respondent nowhere says or hints that there was anything deceptive in the appearance of the pile whereby she mistook it for a part of the road. She says it was a huge pile, and looked like a stone wall. She repeats and emphasizes the hugeness of the pile and its appearance to her when she first saw it. Her position in the trial was that she did not see it until she reached the crest of the hill, and it was then too late to avoid it. She should have gone over the hill slow enough to be able to stop if an obstruction came into view on the other side. Her own testimony shows negligence on her part preventing a recovery.

The judgment and order appealed from are reversed, with directions to dismiss the case on the merits.

CAMPBELL, ROBERTS, and WARREN, JJ., concur.

POLLEY, P. J., not participating.