FULKER, Respondent, v. PICKUS, et al, Appellants.

(241 N. W. 321.)

(File No. 7342. Opinion filed March 7, 1932.)

*Fletcher & Fletcher,* of Aberdeen, for Appellants.

*Corrigan & Walton* and *Otto A. Gruhn,* all of Aberdeen, for Respondent.

WARREN, J. This is an action for damages arising out of an automobile accident. From a judgment for the plaintiff, the defendants have appealed.

The plaintiff contends that on August 24, 1930, at about 10:30 p. m., he was driving his automobile, an Oldsmobile sedan, over a

public highway in Brown county, S. D., in a northerly direction; the defendants by their agents or servants were driving a creeping tractor in a southerly direction over the said highway, with one lighted spot lamp in the front and on top thereof, which said light threw a glaring and dazzling light in front of said tractor and over and upon the entire width of said highway and for a distance of over 200 feet in front of said tractor. Plaintiff's automobile collided with the said tractor, causing personal injuries to the plaintiff, and greatly damaging plaintiff's automobile, rendering it almost worthless. The defendants admit they were driving the tractor, but state they were operating it in a careful and prudent manner, and, if any injury or damage was suffered by the plaintiff, the same was due entirely to negligence and want of care on the part of plaintiff.

The evidence, as shown by the record as presented to this court, discloses the further facts that the plainitff was driving his car about twenty or thiry miles an hour along a graveled highway north of Aberdeen going in a northerly direction. The highway was about 30 feet wide. The creeping tractor of the defendants was being driven in a southerly direction and occupied about 8 or 10 feet of the road on the extreme west side. After turning a jog in the road, the plaintiff ran into a glaring light. He put on his brakes and slowed down to about ten or fifteen miles per hour. Plaintiff testified that he thought the light was from an engine in a gravel pit which had its tracks some 300 feet to the east of the highway, and he thought that at any minute he would be out of this glaring light. After suffering the blinding effects of this light, the plaintiff drove approximately 200 feet. He testified that he could have stopped instantly, but continued to drive though he was unable to ascertain anything in the road in front of him. When he was about 70 or 80 feet from the tractor, he turned his car to the left to get away from the ditch, and in so doing he drove his car against the tractor driven by the defendants' agents. The plaintiff testified that he was perfectly familiar with the road at this particular point, but that after he drove into this glaring light he was not able to see anything, not even the telephone poles on the side of the road.

At the close of the testimony, the defendants moved the court for a directed verdict for the reason that the plaintiff was guilty

of contributory negligence as a matter of law as shown by the evidence in the trial. The motion was overruled, to which the defendants excepted. The jury returned a verdict for the plaintiff, and a judgment was entered thereon. Defendants have appealed from the order denying a motion for a new trial and the judgment entered in the circuit court.

The respondent contends that the defendants were guilty of negligence on account of carrying a large glaring spotlight upon the tractor contrary to the statutes of this state. The answer to that charge is met by the observation that the respondent under the law is required to observe certain rules of conduct in the operation of his car when suddenly confronted with blinding lights which naturally tend to increase the danger of travel; the respondent, however, failed to heed the glaring light, but drove blindly on to his own injury, and he is now in no position to complain, but must reconcile his fate with his failure to control the automobile he was driving.

The question of contributory negligence as a matter of law, as we view it, is vital to the determination of the issues in this case. This court in the case of Taecker v. Pickus, et al, 58 S. D. 177, 235 N. W. 504, 505, at considerable length reviewed the authorities on contributory negligence and held: "Where the court must say from the evidence that ordinarily intelligent, reasonable, and fairminded men did not and ought not to believe that plaintiff was acting as an ordinarily prudent person would have acted under the circumstances, the question of plaintiff's contributory negligence is for the court. This rule has been applied in Buboltz v. C., M. & St. P. Ry. Co., 47 S. D. 512, 199 N. W. 782" (and other cases therein cited).

The respondent contends that he was blinded by the glaring lights of what he thought was a locotomive on the railway track some 300 feet to the right where respondent was driving and coming out of the gravel pit. The respondent, however, instinctively felt that there was danger because he slowed down his car quite appreciably, and, being familiar with the highway, the location of the gravel pit, and the railroad tracks, he must have known that no harm could reach him from that source. The respondent, instead of bringing his automobile to a stop, continued to drive on even though he was completely blinded and could not see; in-

stead of driving straight ahead on his side of the highway, hé turned his car to the left, passing the center of the middle of the road and going still further to the left until he collided with the tractor which was passing south upon the extreme west of the highway. He was driving with such a speed that the impact with the slowly moving caterpillar tractor completely wrecked his car. From the facts as we see them, he is amenable to and brought squarely within our holding in Grosz v. Bone, 48 S. D. 65, 201 N. W. 871, wherein we said: "It was clearly his duty to, not only slow down his speed, but stop his car, and in failure to do so he must be held guilty of contributory negligence, which invited the accident. The respondent failed to show any attempt to control his car by use of the brakes or swerving the car from the obstacle. * * * The inference is clear that he was moving with considerable speed and in a blinded condition when his car was overturned, and he became pinned down under the car. * * * We hold that as a matter of law the respondent must be held guilty of contributory negligence in the use, operation, and management of his car on the highway in question, which will defeat his recovery."

A careful review of all the evidence and according to the respondent's own version and viewing his testimony in the most favorable light in which he states that he was blinded by a headlight and thereafter permitting his car to proceed at a speed to what he thought was a safe rate of speed when a moment before he was driving from twenty-five to thirty miles an hour while the light blinded him and continuing to drive after suffering the blinding effect for some 150 to 200 feet until he struck the tractor, made him guilty of contributory negligence as a matter of law. The respondent should have done all he could to avoid the injury to himself and property by slowing down or bringing his car to a stop. It may be inferred that he was conscious of the danger, but even so he did not stop, but moved ahead, and, not only straight head, but to the left and across the center of the highway over in front of and in the path over which the appellants were traveling. The collision took place with the on-coming tractor on the west third of the highway. Had the respondent stopped or had he driven straight ahead on his own side of the highway, no collision would have taken place. We must therefore say that as a matter of law his conduct was such, that is, his care and prudence does

not conform to the required legal standard to be observed by an operator of a motor car. Courts which have realt with the subject of contributory negligence of a driver who has been blinded by glaring lights have reached a conclusion which is best expressed in the following decisions:

"We see no merit in the defendant's contention that he was absolved from negligence because of glaring headlights obstructing his vision. Under such circumstance, it is necessary for a driver to stop or slow his car in order to avoid going where he cannot see." Devine v. Chester, 144 A. 322, 323, 7 N. J. Misc. R. 131.

"The court holds that it was negligence to continue to drive 400 or 500 feet after being so blinded that he could not see ahead, and the driver's failure to stop after finding himself unable to see, and not the fact that the trailer had no lights, or that he was blinded, was the approximate cause of the accident." Ruth v. Vroom et al, 245 Mich. 88, 222 N. W. 155, 62 A. L. R. 1528 note.

"With his lights as they were, and at the speed he was going, he could see ahead 150 or 200 feet and could bring his car to a stop in 10 or 15 feet. He estimated that he was 100 feet away from the wagon when the bright lights of the other car first bothered or blinded him. Even if he was but 15 or 20 feet away, he could have stopped and avoided the accident. The law is 'well settled that it is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it.' Spencer v. Taylor, 219 Mich. 110, 188 N. W. 461, citing numerous decisions. Vide; also Gleason v. Lowe, 232 Mich. 300, 205 N. W. 199. If, as he claims, the driver was confused or blinded by the bright lights of the other car so he could not see, it was his duty to stop or slacken his speed to safety." Holsaple v. Menominee County, 232 Mich. 603, 206 N. W. 529, 531.

It being apparent that the respondent was guilty of contributory negligence as a matter of law, and when the standard of conduct is clear, the court should declare it. Baltimore & O. Ry. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645.

The respondent places much reliance on a former decision, Carlson v. Johnke et al, 57 S. D. 544, 234 N. W. 25, 72 A. L. R. 1352, wherein this court held in substance that contributory

negligence of plaintiff constituted no defense if defendant had been guilty of wanton and reckless conduct as distinguished from mere negligence. An examination of the facts in that case shows that it is not parallel with this as to defendant's conduct. We do not think it can be said on the record here that defendant's conduct was reckless and wanton within the meaning of Carlson v. Johnke.

Our views on respondent's contributory negligence control the decision of this case; other alleged errors therefore become immaterial and will not be treated.

The judgment and order appealed from are reversed, with directions to the trial court to dismiss the action.

CAMPBELL, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.