RICHARDS, Respondent, v. KINGDON, Appellant.

(264 N. W. 183.)

(File No. 7785. Opinion filed December 21, 1935)

B. B. McClasky, of Huron for Appellant.

T. H. Luby, of Huron, for Respondent.

RUDOLPH, J.   This action arose out of an automobile accident.   The accident occurred on highway No. 281, and at a point south of the town of Bonilla.   Plaintiff was driving his car north on this highway.   As plaintiff neared the point where the accident occurred, smoke was going across the road from east to west.   The smoke was caused by a fire on the east side of the highway where a farmer was burning stubble.   Plaintiff drove into this smoke and slowed down to some extent.   While driving in the smoke, plaintiff's car was struck in the rear by defendant's car.   The jury returned a verdict, wherein plaintiff's damage was assessed in the sum of $1,000, and defendant has appealed.   The appellant has grouped his assignments of error for the purpose of argument, and we will in this opinion discuss the issues as presented by appellant. The issues presented are as follows:   First, the sufficiency of the evidence to sustain a finding of negligence on behalf of the defendant; second, the sufficiency of the evidence to sustain a finding that the plaintiff suffered personal injury; third, the amount of the verdict; and, fourth the refusal of the court to grant a new trial because of newly discovered evidence.

We consider first the sufficiency of the evidence to sustain a finding of negligence.   In this   connection it should be pointed out that the question of negligence of the defendant was submitted to the jury, and no exceptions were taken to the instructions of the court submitting this question to the jury.   It seems to us that the jury's finding on the question is conclusive.   The testimony discloses that, after the plaintiff entered the smoke screen it became necessary for him to slow down the speed of the automobile.   Defendant testified that he had been following plaintiff's car for a number of miles and, at the time plaintiff's car entered the smoke screen, he was approximately two blocks away from the smoke and driving at the rate of 35 or 40 miles an hour.   Defendant further testified that, when he got into this smoke, his

vision was entirely obscured; and, without being able to see anything, he ran into plaintiff's car. The physical facts are such that the jury could readily conclude that at the time of the collision defendant was driving at a greater rate of speed than was prudent or reasonable under the circumstances. Plaintiff's car was damaged considerably. The rear bumpers were broken, the springs were broken, gas tank was demolished, the motor support on both sides of the motor was cracked, the radiator core was loosened from the shell. There were other physical facts regarding the severity of the collision which were undisputed; one was the fact that the defendant himself suffered two broken ribs on account of the impact, all of which could reasonably lead the jury to believe that the defendant was not exercising due caution in the operation of his car at the time of the accident . This court has held that it is negligent as a matter of law for a person to operate his car at such a rate of speed as would not permit him to bring it to a stop within the field of his vision. Taecker v. Pickus, 58 S. D. 177, 235 N. W. 504; Fulker v. Pickus, 59, S. D. 507, 241 N. W. 321. It would appear to us that under these decisions the question of the negligence of defendant, as a matter of law, is a close one, but, be that as it may, the issue was submitted to the jury, and we are satisfied that there was, without doubt, a jury question.

■    Appellant next complains of the sufficiency of the evidence to sustain the finding that plaintiff suffered personal injury. Plaintiff testified as to the nature of his injury and the pain and suffering resulting therefrom. A doctor of medicine and an osteopathic physician, both residing at Huron, testified in behalf of plaintiff, as did also a doctor of chiropractic, who treated the plaintiff a short time after the accident in Kansas City. The testimony of these witnesses was ample evidence to sustain the finding of personal injury to the plaintiff. True, other witnesses testified for defendant and disputed the testimony of the plaintiff's witnesses, but this raised only an issue of fact, and that issue has been resolved by the jury in favor of the plaintiff.

■    The jury being justified in finding that the plaintiff suffered personal injury on account of this accident, the amount of the damages assessed cannot be deemed excessive. It is undisputed that the damage to the plaintiff's car amounted to $150, which leaves $850 to cover the damage due to the personal injuries

received. A review of the testimony would serve no useful purpose. The purport of all of the testimony for the plaintiff was that plaintiff had suffered an injury to the back which caused a great deal of pain, made it difficult for him to walk, and finally resulted in plaintiff being forced to give up the work in which he was engaged. This condition of the back continued for a period of months. Plaintiff also suffered an injury to the mouth. We find nothing in the record to show that the jury was actuated by passion or prejudice, and the amount of the verdict under all the facts and circumstances is not, in our opinion, unreasonable. See Schuler v. City of Mobridge, 44 S. D. 488, 184 N. W. 281.

The plaintiff claimed that he was unable to carry on his normal work for several months after this accident. Plaintiff was a christmas tree salesman, and made calls upon merchants in many towns in South Dakota. At this particular time he was working in the vicinity of Huron. Called for examination before trial, he gave a statement as to his whereabouts in the days immediately following the accident until the time when he claims he was unable to continue his work because of the accident, and returned to Kansas City, his home. At the trial, defendant called merchants from Redfield, Aberdeen, and Hitchcock, So. Dak., to show that plaintiff in the days following the accident was working at his business. In support of the motion for a new trial, defendant submitted affidavits from merchants in a number of other towns in the vicinity of Huron showing that plaintiff had called upon them in the days immediately following the accident for the purpose of showing that plaintiff had not been injured and had suffered no loss of working time. At the most the evidence contained in these affidavits was cumulative and impeaching in character (see In re McClellan's Estate, 21 S. D. 209, 111 N. W. 540), and the court did not in our opinion abuse its discretion in refusing to grant a new trial based upon this alleged newly discovered evidence. Island v. Helmer, 63 S. D. 362, 258 N. W. 812.

The judgment and order appealed from are affirmed.

WARREN, P. J., and POLLEY and ROBERTS, JJ., concur.

CAMPBELL, J., dissents, being of the opinion upon the record here presented, that a new trial should have been granted on the ground of newly discovered evidence.