SPENCER *v.* TAYLOR.

Negligence — Automobiles — Contributory Negligence — Highways.

> In an action for damages to plaintiff's automobile, caused by a collision with an unlighted truck standing on the side of the highway after dark, plaintiff's admission that he was driving at such speed that he could not stop within the range of his lights, which he had dimmed while passing another car, *held,* to justify judgment for defendant *non obstante veredicto,* plaintiff being guilty of contributory negligence as a matter of law.

Error to Ottawa; Cross (Orien S.), J. Submitted April 25, 1922. (Docket No. 105.) Decided June 5, 1922.

Case by Leonard Spencer against Charles Taylor for damages to an automobile. Judgment for defendant *non obstante veredicto.* Plaintiff brings error. Affirmed.

*Dean S. Face,* for appellant.

*Louis H. Osterhous,* for appellee.

CLARK, J. Plaintiff had dimmed the lights on his automobile while passing another car in the nighttime. Driving with such lights and with a spot light lighting the margin of the traveled road just in front of his right wheel he collided with the rear of an unlighted truck standing upon the margin of the traveled part of the highway.

He testified:

"I had not turned the lights on full yet when I struck the truck; I hadn't had time to turn them on

On speed of automobile on highway as negligence, see notes 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N S.) 1178; 51 L. R. A. (N. S.) 993.

On evidence as to speed of automobile, see note in 34 L. R. A. (N. S.) 778.

full.  I was driving; my eyesight is good and my wind shield was clean and clear, and I was looking ahead all the time.

"*Q.* But by the aid or with the aid of the lights that you had at that time you were unable to stop your car after you saw the truck, before you hit it?

"*A.* By the lights I had at that time I was unable to do that.

"*Q.* In other words, regardless of how fast or how slow you were going, you were unable to stop your car within the range of your lights?

"*A.* Well, yes, practically no range of lights with the dimmers on, couldn't see any distance at all.

"*Q.* Whatever the range of the lights was, you were going too fast to stop your car within the range of the lights?

"*A.* I was unable to stop my car within the range of the lights.  Of course, I have a spotlight and had that on the side of the road.  I was trying to keep on the cement, that is all I was trying to do.  I had the spotlight burning and that was turned immediately down in front of my right wheel, just to the side of the road.  It might be farther out than the wheel, I think it was.  The spotlight as I had it turned would probably show up the road about 25 feet ahead of the car, but it showed right on the ground; it didn't show up in the air.  It would show a truck standing by the roadside if I had pointed toward it, but I didn't have it pointed toward the truck, I had it on the ground.  So it didn't illuminate or show up the truck at all.

"*Q.* So you had no light within the range of which you could stop your car if and after you saw an obstacle on the road?

"*A.* I couldn't stop in the range of the light that I had."

When plaintiff rested, defendant made a motion for a directed verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law.

The court reserved decision and submitted the case to the jury.  Plaintiff had verdict.  Defendant moved for judgment notwithstanding the verdict on the ground of the former motion.  Defendant had judgment.  Plaintiff brings error.

We think the court was right in holding plaintiff guilty of contributory negligence as a matter of law. It is well settled that it is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it. *Fisher* v. *O'Brien*, 99 Kan. 621 (162 Pac. 317, L. R. A. 1917F, 610, 15 N. C. C. A. 350); *Lauson* v. *Fond du Lac*, 141 Wis. 57 (123 N. W. 629, 25 L. R. A. [N. S.] 40, 135 Am. St. Rep. 30); *Serfas* v. *Railroad Co.*, 270 Pa. 306 (113 Atl. 370, 14 A. L. R. 791); *Ott* v. *Wilson*, 216 Mich. 499; *Harnau* v. *Haight*, 189 Mich. 600 (13 N. C. C. A. 566).

It is said in Huddy on Automobiles (5th Ed.), p. 377:

"As was said in one case, 'It was negligence for the driver of the automobile to propel it in a dark place in which he had to rely on the lights of his machine at a rate faster than enabled him to stop or avoid any obstruction within the radius of his light, or within the distance to which his lights would disclose the existence of obstructions. * * * If the lights on the automobile would disclose obstructions only ten yards away it was the duty of the driver to so regulate the speed of his machine that he could at all times avoid obstructions within that distance.' *West Construction Co.* v. *White*, 130 Tenn. 520 (172 S. W. 301)."

Judgment affirmed.

Fellows, C. J., and Wiest, McDonald, Bird, Sharpe, Moore, and Steere, JJ., concurred.