LETT *v*. SUMMERFIELD & HECHT.

1. NEGLIGENCE—DOCTRINE OF COMPARATIVE NEGLIGENCE DOES NOT OBTAIN—GROSS NEGLIGENCE.

Inasmuch as the doctrine of comparative negligence does not obtain in this jurisdiction, gross negligence, used in the sense of great negligence or more negligence than the other party is guilty of, likewise does not obtain.

---

[1]Negligence, 29 Cyc. pp. 423 (Anno), 560.

2. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

    Although, in an action for the death of plaintiff's decedent, there was abundant evidence to take to the jury the question of defendants' negligence, in parking a van on the pavement in the dark without a tail light, the contributory negligence of the driver of the car in which decedent was riding, in driving at such speed that his car could not be stopped within the range of his vision, which was imputable to him, warranted a directed verdict in favor of defendants.

3. SAME — MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—DRIVING AT SUCH SPEED THAT AUTOMOBILE CANNOT BE STOPPED WITHIN RANGE OF VISION.

    It is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it.

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted June 9, 1927. (Docket No. 53.) Decided July 29, 1927.

Case by Eunice Lett, administratrix of the estate of Thomas Lett, deceased, against Summerfield & Hecht and others for the alleged negligent killing of plaintiff's decedent. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Walter M. Nelson* (*Walter E. Pear*, of counsel), for appellant.

*Frederick J. Ward*, for appellee Summerfield & Hecht.

*Robert E. Plunkett* and *Elmer R. Milburn*, for other appellees.

FELLOWS, J. A furniture van owned by Summerfield & Hecht and operated by the individual defend-

²Death, 17 C. J. § 92; Motor Vehicles, 28 Cyc. pp. 37, 38; Negligence, 29 Cyc. p. 548; L. R. A. 1915B, 953; 2 R. C. L. 1207; 1 R. C. L. Supp. 743; 4 R. C. L. Supp. 159; 5 R. C. L. Supp. 148; 6 R. C. L. Supp. 139; ³Motor Vehicles, 28 Cyc. p. 48; 2 R. C. L. 1191; 1 R. C. L. Supp. 728; 4 R. C. L. Supp. 150; 6 R. C. L. Supp. 132.

ants, its employees, was being used to make a delivery of furniture out John R. street and over in Oakland county. It had nearly reached the Ten-mile road when the employees, not being certain just where the point of delivery was located, stopped, and one of them went into a store for information. The van was left standing partly on and partly off the cement pavement, which was 18 or 20 feet wide. The van had no tail light. It was about 6 o'clock of a December evening, quite dark and foggy, and some rain was falling. There was very little traffic on the street. The end gate was down in a horizontal position. Decedent was riding with one Bradley in a Ford. The Ford came in collision with the van, and decedent was so seriously injured that he survived but a short time. The proofs introduced on behalf of plaintiff were abundantly sufficient to take the question of defendants' negligence to the jury. We assume, therefore, for the purpose of decision, that defendants were negligent. But plaintiff's counsel insists they were very negligent and that they were guilty of gross negligence. In the recent case of *Union Trust Co.* v. *Railway Co., ante,* 97, we pointed out that, inasmuch as the doctrine of comparative negligence does not obtain in this State, gross negligence, when used to indicate great negligence or more negligence than the other party is guilty of, likewise does not obtain in this jurisdiction, and we there cited *Gibbard* v. *Cursan,* 225 Mich. 311, where the authorities are reviewed at length. Counsel for plaintiff also relies on *Patton* v. *Railway Co.,* 236 Mich. 173. But in that case we ordered a rehearing, and, upon such rehearing, decision was rested on the doctrine of subsequent negligence (238 Mich. 397). Here no claim is made or can be made of subsequent negligence. No case of gross negligence, so-called, is made on this record.

The trial judge directed a verdict for the defendants on the ground of the contributory negligence of

decedent's driver, imputable to him on the authority of *Spencer* v. *Taylor,* 219 Mich. 110.    In that case it was said by Mr. Justice CLARK, speaking for the court:

"We think the court was right in holding plaintiff guilty of contributory negligence as a matter of law. It is well settled that it is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it."

This is in consonance with the uniform holding of this court.    See *Harnau* v. *Haight,* 189 Mich. 600 (13 N. C. C. A. 566) ; *Ott* v. *Wilson,* 216 Mich. 499; *Gleason* v. *Lowe,* 232 Mich. 300; *Holsaple* v. *Sup'ts of Poor of Menominee Co.,* 232 Mich. 603.    It is urged that this rule was modified in *Diederichs* v. *Duke,* 234 Mich. 136.    Quite to the contrary, we there reaffirmed it. In that case the plaintiff had control of her car so that she could stop within the range of her vision.    A strip of icy pavement, not her want of control, prevented the car from stopping.    It is further insisted that if we have not modified this rule we should now do so, and it is pointed out that it was a rainy, foggy night and while the lights on Mr. Bradley's car were new and would throw sufficient light 150 or 200 feet under ordinary circumstances, they threw a sufficient light for considerably less distance under the conditions existing on the night in question.    But in *Budnick* v. *Peterson,* 215 Mich. 678, it was said by Mr. Justice SHARPE, speaking for the court:

"If his vision was obscured by the glaring lights of the approaching car, it was his duty to slacken his speed and have his car under such control that he might stop it immediately if necessary."

It is further urged that we should make an exception to the rule or that we should not here apply it.    It is pointed out that the end gate of the van was down

horizontally, and much was made upon the argument of the color of the paint on the van and upon its construction.   Doubtless some of the facts urged accentuated the contention of plaintiff's counsel that defendants' negligence was much greater than that of Mr. Bradley, decedent's driver, and whose negligence was imputable to him.    But we do not think the rule should be weakened by engrafting exceptions on it or modifying it.    Its observance bespeaks the safety of human life and limb and of property.    Had it been observed on the night in question, this unfortunate accident would not have happened.

The judgment must be affirmed.

SHARPE, C. J., and BIRD, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.    SNOW, J., did not sit.