HANEY v. TROOST.

NEGLIGENCE—MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE — FAILURE TO SEE UNLIGHTED CAR—DIRECTED VERDICT.
    An automobile driver, who collided with an overturned unlighted automobile which obstructed the pavement to the extent of two or three feet, was guilty of contributory negligence as matter of law, under his own testimony, to the effect that he could see nearly 30 feet ahead, and that, considering his speed, he could have stopped his car in less distance than that, but failed to see the automobile with which he collided because it was covered with snow at the time.

Motor Vehicles, 42 C. J. § 908.

Error to Berrien; White (Charles E.), J. Submitted April 3, 1928. (Docket No. 5.) Decided June 4, 1928.

Case by Marlin Haney against Joseph Troost and another for personal injuries. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Earl L. Burhans,* for appellant.

*Stuart B. White,* for appellees.

CLARK, J. The automobile of defendant Joseph Troost, driven by his wife, the other defendant, in the night, in a snowstorm, on an icy paved country highway, slid off the pavement and turned over. Leaving the car without lights, its front end including a bumper over and obstructing the paved way to the extent of two or three feet, Mrs. Troost went to a farm house to summon aid. While she was gone, plaintiff's car, driven by him, collided with defendants' car. Plaintiff's car was broken and he was injured. His testimony is inconsistent, but that most favorable to him is to the effect that in the storm he could see nearly 30 feet ahead, and that, considering his speed, he could have stopped his car in less than that distance. He testified that he was watchful, that his lights were dimmed at the moment, and that he did not see defendants' car. He accounts for his failure to see it by saying there was snow on it. Defendants had judgment on directed verdict, and plaintiff brings error.

The holding of the trial court that plaintiff was guilty of contributory negligence as a matter of law must be approved.

The reasons which underlie the holding have been considered many times by this court, notably in *Lett*

v. *Summerfield & Hecht,* 239 Mich. 699, which case is decisive of this, and which so fully discusses the questions presented and so fully reviews the other cases, that further comment is, we think, not required.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDON-ALD, POTTER, and SHARPE, JJ., concurred.