ELRICH *v.* SCHWADERER.

1. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
   Automobile driver, who drove his car at such speed in nighttime when it was misty along road under construction that he was unable to stop and avoid collision with large concrete mixer parked on highway, was guilty of contributory negligence as matter of law.

2. SAME—DRIVER NOT RELIEVED FROM EXERCISING DUE CARE ON MISTY NIGHT—STATUTES.
   Act No. 318, Pub. Acts 1927, tit. 4, § 46(a), providing for headlamps of motor vehicles under normal atmospheric conditions, does not relieve driver of automobile from duty to drive carefully when atmospheric conditions demand greater care.

3. SAME—EYEWITNESSES—PRESUMPTIONS.
   There being no eyewitnesses to accident causing death, presumption that decedent was exercising due care, *held*, overcome by physical facts in case.

Error to Oakland; Doty (Frank L.), J. Submitted April 11, 1930. (Docket No. 81, Calendar No. 34,763.) Decided June 2, 1930.

Case by Percy Elrich, administrator of the estate of Kenneth Elrich, deceased, against E. B. Schwaderer for the alleged negligent killing of plaintiff's decedent. From a verdict and judgment for plaintiff, defendant brings error. Reversed.

*Brownell & Gault,* for plaintiff.

*L. J. Carey,* for defendant.

BUTZEL, J. Plaintiff's decedent was driving his automobile in a southerly direction on the Dixie

---

Driving automobile at speed which prevents stopping within range of vision as negligence, see annotation in 44 A. L. R. 1403; 58 A. L. R. 1493.

Fact that driver of automobile is blinded by glare of light as affecting liability for automobile accident, see annotation in 10 A. L. R. 294; 32 A. L. R. 887; 41 A. L. R. 1040.

highway, between Drayton Plains and Pontiac. Defendant, a paving contractor, was engaged in widening the 20-foot concrete road, to which a strip 10 feet in width had been added on the east side, and a strip of like width was in process of construction on the west side. For this purpose defendant was using a movable concrete mixer, a bulky piece of machinery, much larger in size than an ordinary automobile, and which at the time of the accident occupied almost the entire west half of the old pavement at the place where it was parked. On the night of August 3, 1928, it was misty; there had been, at intervals, very severe storms, with a tremendous downpour of rain. At 1:30 a. m., or thereabouts, decedent, while going in a southerly direction, drove into the concrete mixer with such force that his automobile was hurled to the other side of the old road, where, in turn, another car coming in a northerly direction ran into it. The other car was not badly damaged and was able to proceed on its own power. The impact with the concrete mixer must have been very great, for decedent's automobile was totally wrecked and decedent suffered such severe injuries that he survived only 11 days. Plaintiff as administrator claims that decedent's injuries were caused through defendant's negligence in failing to keep warning lights properly lit on the concrete mixer. Defendant claims that there were proper lights burning at the time of the accident, and, further, that decedent was guilty of contributory negligence, for which reason plaintiff should not recover. Timely motion for judgment *non obstante veredicto* was made, but denied. Inasmuch as the jury decided in plaintiff's favor, the sole question for our consideration is whether decedent was guilty of contributory negligence.

At the side of each end of the part of the roadway over which decedent was driving at the time of the accident were large signs which read: "Road under Construction, Drive at your own Risk." Whether or not they were sufficiently illuminated so that decedent should have seen them was not established by the testimony. There seems, however, to be no doubt that there were other warnings sufficient to put one on guard and show that the road was under repair. At frequent intervals along the new part of the road there were wooden horses to which red lanterns were attached. The testimony indicates that some of these lights were extinguished but others were lit. The question whether decedent was guilty of contributory negligence or not, in driving along the road under the conditions, at the rate indicated by the force of the impact, and in not slowing his car when the concrete mixer came within range of his lights, and avoiding the collision, has been before this court so frequently that it is unnecessary to repeat what has been said in the following cases: *Spencer* v. *Taylor*, 219 Mich. 110; *Holsaple* v. *Superintendents of Poor of Menominee Co.*, 232 Mich. 603; *Lett* v. *Summerfield & Hecht*, 239 Mich. 699; *Haney* v. *Troost*, 242 Mich. 693; *Ruth* v. *Vroom*, 245 Mich. 88 (62 A. L. R. 1528); *Bielecki* v. *United Trucking Service*, 247 Mich. 661. In the aforesaid cases the accident happened under somewhat similar circumstances, and we held there was contributory negligence as a matter of law.

Plaintiff attempts to distinguish this case on account of Act No. 318, Pub. Acts 1927. Title 4, § 46, of said act, provides as follows:

"(a) The headlamps of motor vehicles shall be so constructed, arranged, and adjusted that, except as provided in subsection (c) of this section, they

will at all times mentioned in section forty-four and *under normal atmospheric conditions* and on a level road produce a driving light sufficient to render clearly discernible a person two hundred feet ahead, but shall not project a glaring or dazzling light to persons in front of such headlamp.''

While this provision defines the headlamps necessary on motor vehicles under normal atmospheric conditions, it in no way relieves a driver from his duty to drive carefully where the atmospheric conditions demand greater care, and particularly when he is bound to know that under such conditions his lamps may not light up the roadway for a distance of 200 feet.

Inasmuch as the accident happened in the year 1928, we are not called upon to consider the effect of the section of the 1929 amendment to the motor vehicle act, which provides that one shall not be charged with contributory negligence if he runs into an unlighted vehicle at nighttime (Act No. 90, Pub. Acts 1929, title 4, § 46 [c]).

It is claimed that inasmuch as there were no eyewitnesses to the accident, the law raises the presumption that the decedent was exercising due care. *Wilkins* v. *Bradford,* 247 Mich. 157. This presumption, however, is overcome by the physical facts in the case. *Baker* v. *Delano,* 191 Mich. 204; *Gillett* v. *Michigan United Traction Co.,* 205 Mich. 410; *Fenn* v. *Mills,* 243 Mich. 634.

Plaintiff also claims that this case comes under the exception to the rule as set forth in *Diederichs* v. *Duke,* 234 Mich. 136, where it was held that the question of contributory negligence was for the jury under facts that showed there was ''a small strip of icy pavement just behind the trailer which was the same color of the pavement and was not

discernible from it." It is claimed that because the concrete mixer at nighttime resembled the color of the pavement, it could not be discerned. The difference between a small strip of pavement and a large concrete mixer looming up in the road is so obvious that we need not comment upon it. The icy pavement in the case of *Diederichs* v. *Duke, supra,* and not plaintiff's lack of control, prevented the car from stopping.

Considerable stress is placed upon the atmospheric conditions. The same question was discussed in *Lett* v. *Summerfield & Hecht, supra,* where we stated:

"It is further insisted that if we have not modified this rule we should now do so, and it is pointed out that it was a rainy, foggy night and while the lights on Mr. Bradley's car were new and would throw sufficient light 150 or 200 feet under ordinary circumstances, they threw a sufficient light for considerably less distance under the conditions existing on the night in question. But in *Budnick* v. *Peterson,* 215 Mich. 678, it was said by Mr. Justice SHARPE, speaking for the court:

" 'If his vision was obscured by the glaring lights of the approaching car, it was his duty to slacken his speed and have his car under such control that he might stop it immediately if necessary.' "

We again affirmed this rule in *Haney* v. *Troost, supra,* where some claim was made that a snowstorm prevented plaintiff from seeing the overturned automobile on which there were no lights.

The lower court should have entered a judgment *non obstante veredicto* in favor of defendant. The judgment of the lower court is reversed without a new trial. Defendant will recover costs.

WIEST, C. J., and CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.