RUSSELL *v.* SZCZAWINSKI.

1. MOTOR VEHICLES—PARKING ON PAVEMENT—BREAKDOWN—NEGLIGENCE.

Stopping a truck on pavement of a highway outside the limits of a village or city because of a breakdown does not constitute parking as prohibited by statute nor is it necessarily negligence (1 Comp. Laws 1929, § 4718).

2. SAME—LIGHTING OF STALLED TRUCK—QUESTION FOR JURY.

Matter of negligence of owner and operator of stalled motor truck in lighting same or otherwise warning approaching traffic *held*, question for jury in view of conflicting testimony in action by motorist colliding with rear end of truck.

3. SAME—STOPPING WITHIN ASSURED CLEAR VISION AHEAD—ATMOSPHERIC CONDITIONS.

Driver of motor vehicle should drive slow enough so he could stop within the range of the assured clear vision ahead notwithstanding oncoming glaring lights or atmospheric conditions which may impair vision or affect surface of pavement (1 Comp. Laws 1929, § 4697).

4. SAME—DRIVING IN THE DARK.

> Driving automobile in the dark at such speed it cannot be stopped within the distance objects can be seen ahead is negligence as a matter of law (1 Comp. Laws 1929, § 4697).

5. SAME—CARE REQUIRED OF DRIVER.

> Care required of motorist in driving car is ability to perform manual acts necessary to stop it immediately, if necessary, not merely begin to stop within range of his vision or use diligence in stopping after discerning object (1 Comp. Laws 1929, § 4697).

Appeal from Wayne; Webster (Clyde I.), J. Submitted March 30, 1934. (Docket No. 152, Calendar No. 37,373.) Decided July 2, 1934. Rehearing denied September 18, 1934.

Case by Peyton Russell against Roman Szczawinski and another for personal injuries received in collision with rear end of truck upon highway. Verdict and judgment for plaintiff. Defendants appeal. Plaintiff cross-appeals. Reversed, without a new trial.

*Harry J. Lippman,* for plaintiff.

*Robert E. Plunkett,* for defendant Szczawinski.

*Frederick J. Ward,* for defendant Motor Freight, Inc.

POTTER, J.     Plaintiff recovered a judgment for damages against defendants alleged to have resulted from defendants' negligence. Defendants appeal. Defendant Motor Freight, Inc., hired defendant Szczawinski, the owner of a three and a half ton truck and defendant Szczawinski was the operator thereof between Detroit and Flint. At the time of the accident the truck was loaded with motor crank shafts. It became disabled and was stopped on the

highway. Plaintiff, operating an automobile coming from the same direction, ran into the rear of the motor truck and was injured. Various questions are raised. Plaintiff testified he was driving a Nash touring car with a permanent top.

"As I drove toward the scene of the accident on the morning in question, I had my headlights burning. They lighted up the road pavement ahead of me as I drove.

"*Q.* From the time you left Pontiac until you reached the Clarkston Station road, did you observe the condition of the road pavement as you drove along? * * *

"*A.* Yes, I did.

"*Q.* What was the condition?

"*A.* Dry as far as I could see. * * * As I went down into the hollow the mist became fog; it became very dense. I put on my dim lights when the other car was approaching and when I went down the incline my vision became poor and I slowed down. In fact, I slowed down to about 25, I should say. And this fog, as I say, became more dense as I approached the bottom of that valley and I was still slowing down considerably when all of a sudden, about 25 feet ahead of me, this truck loomed up. The first thing that was apparent to me were the cross bars in this tail gate. I could not tell exactly what it was for a minute. I knew very well there was something there so I slammed on my brake and my car started to stop as it always had. * * * My car started to stop and I thought it would, all right. * * * I seemed to lose control and I saw that I was going to hit that object and I turned the car to the left and ducked my head over this way. * * *

"*Q.* Did you know on that morning as you drove into that fog that with that vision, going at the speed of 25 miles an hour, upon a dry pavement, you could have stopped your car within 25 feet?

"*A.* Yes."

The accident occurred on a dark and foggy night. Defendants claim the truck was properly lighted. When it was stopped, there is testimony to show, the truck was on the pavement. The statute prohibits parking on the pavement (1 Comp. Laws 1929, § 4718), but the mere stopping of defendants' truck because of defendants' breakdown does not constitute parking, nor is it necessarily negligence. It is a disputed question of fact whether the truck was lighted. Defendants put out no flares and did nothing to warn oncoming traffic. If defendants' negligence is not established as a matter of law, it was clearly a question for the jury under the facts. *Empey* v. *Thurston,* 58 Ont. L. R. 168; *Seibert* v. *Goldstein Co.,* 99 N. J. Law, 200 (122 Atl. 821); *Reed* v. *Ogden & Moffett,* 252 Mich. 362. We must dispose of the case as if defendants' negligence were established.

Plaintiff called both the owner of the truck Szczawinski and Stanley Pawlowski who was his driver. Both testified there were lights on the truck. Mr. Deland DeWitt was also called. His testimony, we think, tends to corroborate that of plaintiff, that there were no proper lights upon the truck, although he testifies there was a man working under the truck with a lantern. In view of this testimony, the question of whether or not the truck was properly lighted was a question for the jury.

There is testimony the pavement was damp, probably as a result of the fog. This increased the burden upon plaintiff who should drive slow enough so he could stop his car within the range of the assured clear vision ahead. If it was foggy or misty so that plaintiff's vision was bad or obscured, the duty was incumbent upon him to exercise greater care and caution.

"It is well settled that it is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed it cannot be stopped within the distance that objects can be seen ahead. *Spencer* v. *Taylor*, 219 Mich. 110; *Holsaple* v. *Superintendents of Poor of Menominee Co.*, 232 Mich. 603; *Bowmaster* v. *William H. DePree Co.*, 252 Mich. 505.

" 'No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.' 1 Comp. Laws 1929, § 4697.

"It is not sufficient to take the case to the jury that the driver was confused or blinded by the lights of an oncoming car. If her vision was obscured by glaring lights of an approaching car, it was her duty to slacken her speed and have her car under such control as she might stop it immediately if necessary. *Budnick* v. *Peterson*, 215 Mich. 678; *Holsaple* v. *Superintendents of Poor of Menominee Co.*, *supra; Lett* v. *Summerfield & Hecht*, 239 Mich. 699. It is not enough that a driver be able to begin to stop within the range of his vision or that he use diligence to stop after discerning an object. The rule makes no allowance for delay in action. He must, on peril of legal negligence, so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a complete halt within such range. *Ruth* v. *Vroom*, 245 Mich. 88 (62 A. L. R. 1528); *Haney* v. *Troost*, 242 Mich. 693. Stress is placed upon the atmospheric conditions existing at the time of the accident. These conditions have been held not to change the rule. *Budnick* v. *Peterson*, *supra; Haney* v. *Troost*, *supra; Lett* v. *Summerfield & Hecht*, *supra; Elrich* v. *Schwaderer*, 251 Mich. 33." *Thompson* v. *Southern Mich. Transportation Co.*, 261 Mich. 440, 446.

Substantially the same rule was followed by the court in *Bowmaster* v. *William H. DePree Co.*,

*supra; Boylon* v. *Reliable Cartage Co.,* 258 Mich. 5; *Angstman* v. *Wilson,* 258 Mich. 195 (31 N. C. C. A. 1), and *Perkins* v. *Great Central Transport Corp.,* 262 Mich. 616.

Judgment reversed, with costs. No new trial.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.