COOK *v.* CITY OF OTSEGO.

1. AUTOMOBILES—SPEED—NEGLIGENCE AS MATTER OF LAW.

It is negligence as a matter of law to drive an automobile along a public highway in the dark at such a speed it cannot be stopped within the distance that objects can be seen ahead and such rule is not changed because of atmospheric conditions.

2. SAME—SPEED—TRAFFIC—HIGHWAY—STOPPING.

A motorist is under obligation to drive his car at a careful and prudent speed, not greater or less than is reasonable or proper having due regard to the traffic, surface and width of the highway and of any other conditions then existing but at no speed greater than will permit him to bring it to a stop within the assured clear distance ahead (1 Comp. Laws 1929, § 4697).

3. SAME—SPEED—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

Deceased motorist, killed when his car, while being driven at speed exceeding that permitted by the city ordinance, collided with bandstand 16 feet square and erected on a truck located in middle of intersection of a street, paved to a width of 81 feet and divided into two 30-foot traffic lanes alongside of 21-foot center parking space, with a street 52 feet wide and over which intersection and bandstand a number of 200-watt 1,000-candlepower lights were burning at 3:30 o'clock on a misty morning, the time of collision, *held*, guilty of contributory negligence as a matter of law; barring recovery of damages from city.

Appeal from Allegan; Miles (Fred T.), J. Submitted October 14, 1937. (Docket No. 23, Calendar No. 39,491.) Decided December 14, 1937.

Case by Philip C. Cook, administrator of the estate of Glenn B. Cook, deceased, against City of Otsego, a municipal corporation, for the death of plaintiff's

decedent caused by collision of an automobile with a bandstand. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Kim Sigler*, of counsel), for plaintiff.

*Marvin J. Schaberg*, for defendant.

SHARPE, J. This is an action brought by Philip C. Cook, as administrator of the estate of G. B. Cook, to recover damages for injuries resulting in the death of decedent who was killed when an automobile in which he was riding collided with a bandstand standing on the main street in the city of Otsego, Michigan.

November 1, 1935, at about the hour of 3:30 a. m., the deceased was driving his automobile in a northwesterly direction on Allegan street in the city of Otsego when he drove into the wing of a bandstand. One of the planks forming the platform was driven through his windshield, struck him on the head and killed him instantly. The car with his body in it proceeded down the street and finally crashed into a store building. At the time of the accident, deceased was the county highway engineer of Allegan county.

Allegan street is 81 feet wide and paved from curb to curb for a block on each side of where the bandstand was located. The street is built so as to accommodate double parking in the center, giving it the effect of a boulevard. Automobiles may be parked in the middle of the street diagonally in two lines facing each other, occupying 21 feet of the middle of the street. There is a 30-foot lane for travel on each side of the parking space. Farmer street intersects Allegan street at right angles and is approximately

52 feet wide. The bandstand was placed at the intersection of Farmer and Allegan streets. The band platform consisted of six 2″ x 8″s spaced about three feet apart, going diagonally or at right angles to the length of the truck. On top of this framework was nailed flooring so as to give a square surface of 16 feet. The outer edges of the platform were supported by posts at each corner. The bandstand was built on an old truck chassis and was of no particular color. Approximately 15 feet above the stand was a string of lights, consisting of eleven 200-watt, 1,000-candlepower lights; also a string of seven lights of the same candlepower extended from the corner to the alley across Farmer street; there was a boulevard light on each of the four corners of the intersection. All of these lights were lighted at the time of the accident.

The record further shows that at the time of the collision the weather was misty and decedent was traveling in excess of 15 miles per hour in violation of the city ordinance. It also appears that a Chevrolet drive-a-way truck was parked on the right hand side of the street just to the east of the intersection. The cause came on for trial and at the close of plaintiff's case, defendant moved for a directed verdict which was denied. The jury found for plaintiff and defendant renewed his motion for a directed verdict and moved for a judgment notwithstanding the verdict. The trial court granted the motion. Plaintiff appeals.

It is the claim of defendant that there can be no recovery as plaintiff's decedent was guilty of contributory negligence; and that plaintiff did not file a proper notice of claim with the city.

We are in accord with the finding of the trial court that plaintiff's decedent was guilty of contributory negligence; and that such negligence bars recovery.

In *Thompson* v. *Southern Michigan Transportation Co.,* 261 Mich. 440, we said:

"It is well settled that it is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed it cannot be stopped within the distance that objects can be seen ahead. *Spencer* v. *Taylor,* 219 Mich. 110; *Holsaple* v. *Superintendents of Poor of Menominee Co.,* 232 Mich. 603; *Bowmaster* v. *William H. DePree Co.,* 252 Mich. 505. * * *

"It is not sufficient to take the case to the jury that the driver was confused or blinded by the lights of an oncoming car. If her vision was obscured by glaring lights of an approaching car, it was her duty to slacken her speed and have her car under such control as she might stop it immediately if necessary. *Budnick* v. *Peterson,* 215 Mich. 678; *Holsaple* v. *Superintendents of Poor of Menominee Co., supra; Lett* v. *Summerfield & Hecht,* 239 Mich. 699. It is not enough that a driver be able to begin to stop within the range of his vision or that he use diligence to stop after discerning an object. The rule makes no allowance for delay in action. He must, on peril of legal negligence, so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a complete halt within such range. *Ruth* v. *Vroom,* 245 Mich. 88 (62 A. L. R. 1528); *Haney* v. *Troost,* 242 Mich. 693. Stress is placed upon the atmospheric conditions existing at the time of the accident. These conditions have been held not to change the rule. *Budnick* v. *Peterson, supra; Haney* v. *Troost, supra; Lett* v. *Summerfield & Hecht, supra; Elrich* v. *Schwaderer,* 251 Mich. 33. * * *

"A person driving a motor vehicle on a highway is under obligations to drive the same at a careful and prudent speed, not greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the highway, and of any other conditions then existing; and no person shall drive

any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead. 1 Comp. Laws 1929, § 4697.''

In *Elrich* v. *Schwaderer,* 251 Mich. 33, plaintiff collided with a concrete mixer left on the highway at night without any lights, we there said:

''Plaintiff also claims that this case comes under the exception to the rule as set forth in *Diederichs* v. *Duke,* 234 Mich. 136, where it was held that the question of contributory negligence was for the jury under facts that showed there was 'a small strip of icy pavement just behind the trailer which was the same color of the pavement and was not discernible from it.' It is claimed that because the concrete mixer at nighttime resembled the color of the pavement, it could not be discerned. The difference between a small strip of pavement and a large concrete mixer looming up in the road is so obvious that we need not comment upon it. The icy pavement in the case of *Diederichs* v. *Duke, supra,* and not plaintiff's lack of control, prevented the car from stopping.''

See, also, *Garrison* v. *City of Detroit,* 270 Mich. 237; *Jones* v. *City of Lansing,* 273 Mich. 623.

In the case at bar the facts show that where the accident occurred, the pavement on Allegan street is 81 feet wide for an entire block from either side of the intersection where the bandstand was located; that there was a 21-foot space in the center of the street marked for parking for those two blocks; that the bandstand was 16 feet square and not located in any part of the northerly traffic lane of Allegan street; that the paved part of Allegan street on either side of the parking space is 30 feet wide; that above the bandstand, lights were hung; that the four corners of the intersection were lighted with so-

called boulevard lights; that plaintiff's decedent, before reaching the intersection passed a drive-away truck which had been parked close to the intersection and on the north side of Allegan street; that while so traveling plaintiff's decedent exceeded the speed limit as prescribed by the city ordinance of Otsego; and that visibility was poor. We are unable to find any facts in this record that take this case out of the rule above enunciated and in view of our conclusions, we find it unnecessary to discuss the other mentioned issues.

The judgment of the trial court is affirmed. Defendant may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.