## CLARK *v.* JACKSON.

1. AUTOMOBILES—NEGLIGENCE—EVIDENCE—PARKED TRUCK—LIGHTS.
   In action by passenger of car which ran into left rear corner of defendant's stake truck, where evidence showed that it was parked without lights, the front wheels being against the right curb and the rear wheels about a foot therefrom, at 6 p. m. on December 31st, testimony *held,* ample to support finding defendant was guilty of negligence.

2. SAME—DRIVER'S NEGLIGENCE IMPUTED TO PASSENGER.
   The negligence of the driver of car in which plaintiff was riding at time of accident is imputable to her.

3. SAME—PROJECTING REAR PLATFORM—APPROACHING DRIVER.
   Stake truck with cab in front projecting above platform which extended back of rear axle 54 inches and which was 48 inches above the pavement *held,* only such a projection as is common to motor vehicles of such character, not a violation of the law, truck so built was such a vehicle as one might expect to find parked on a city street and one which could be discerned by the exercise of reasonable care by driver approaching from rear.

4. SAME—PARKED TRUCK—CONTRIBUTORY NEGLIGENCE—LIGHTS.
   Motorist who failed to see unlighted truck parked with front wheels against curb at right and rear wheels about a foot from the curb at 6 p. m. on December 31st while a drizzly rain was falling *held,* guilty of contributory negligence, proximately causing accident and imputable to plaintiff, his passenger, even though he had been able to see 65 feet ahead shortly before and after, but not during, passage of oncoming car with headlights lighted (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

5. SAME—ASSURED CLEAR DISTANCE AHEAD.
   A driver must operate his automobile so that he can stop within the assured clear distance ahead and blindness, caused by oncoming headlights, will not excuse one from the operation of

such rule (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

POTTER and MCALLISTER, JJ., dissenting.

Appeal from Wayne; Campbell (Allan), J. Submitted June 14, 1938. (Docket No. 77, Calendar No. 40,132.) Decided November 10, 1938.

Case by Catherine Clark against Raymond H. Jackson for personal injuries sustained in a motor vehicle collision. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Wiley, Strecter & Ford* (*Leon R. Jones* and *C. Wayne Brownell,* of counsel), for plaintiff.

*Charles Bowles,* for defendant.

NORTH, J. Plaintiff seeks recovery for severe injuries suffered as a result of an automobile accident on Larchmont avenue, in the city of Detroit. On trial before the court without a jury plaintiff had judgment and defendant has appealed.

About 6 o'clock in the evening of December 31, 1933, plaintiff was being driven home by one Reed Robson. When 10 or 12 doors from her home the car in which plaintiff was riding in a westerly direction struck the rear portion of the platform of a stake body truck which was parked without lights at the north side of the street. On the night in question there was a drizzly rain and it was quite misty. Robson testified that his headlights were lit, that the beams were tilted down, and he could see 60 to 65 feet ahead—could see a vague outline at 65 feet. His windshield wiper was operating and his brakes were in good condition. When at the

intersection of Firwood and Larchmont, substantially 125 feet from the point of accident, Robson noticed a car coming toward him down Larchmont. As the car approached him, he gradually turned to the right and as he started to turn, he took his foot off the accelerator and applied his brakes a little. Robson was blinded momentarily by the oncoming lights, and when he regained his vision he saw this truck loom up in front of him. He turned to the left but since the truck was only 8 or 10 feet ahead of .him, he could not avoid the impact. Robson did not see the truck before he went into the blind spot. When he first saw the truck, he was traveling about 12 miles an hour, and was going at the same rate of speed when he struck the truck. Testimony produced on behalf of plaintiff, which we accept as true, is to the effect that the front wheels of the parked truck were against the curb but the rear wheels were some distance, perhaps a- foot, from the curb. The platform- of the truck extended back of the rear axle 54 inches, and this platform was 48 inches above the pavement. There were no stakes or end boards across the back of the body of the truck, although at the front the cab extended upward from its floor. This was a new truck with the cab, wheels and undercarriage painted red, though the body was second hand. The car in which plaintiff was riding struck the rear left hand corner of the platform of the truck. The right side of the automobile was badly damaged but no damage was done to the left side. Robson testified that the point of contact on his car with the truck was at the end of the hood next to the cowl.

The testimony was ample to justify finding negligence on the part of the defendant; and the only question presented for consideration on this appeal is whether Robson, the driver of the car in which

plaintiff was riding, was guilty of negligence as a matter of law. If he was, then plaintiff is barred from recovery because Robson's negligence is imputable to her. *Lett* v. *Summerfield & Hecht,* 239 Mich. 699.

Appellant asserts that Robson was guilty of negligence which contributed as a proximate cause of the accident in that, in violation of the statute (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 [Comp. Laws Supp. 1935, § 4697, Stat. Ann. § 9.1565]), he drove his automobile at a speed greater than permitted him to bring it to a stop within the assured clear distance ahead, and also that he did not keep a proper lookout. Plaintiff attempts to bring her case within *Bard* v. *Baker,* 283 Mich. 337.

*Bard* v. *Baker, supra,* is readily distinguishable from the instant case. In the *Bard Case* the prevailing opinion held that under the disclosed facts the question of contributory negligence was one of fact, not one of law. In that case defendants' truck was loaded with so-called mats made of three layers of two-inch plank. These mats were 14 to 16 feet in length and each weighed between 1,500 and 2,000 pounds. Three of them were loaded crosswise on defendants' truck. The maximum lawful width of such a load is eight feet (1 Comp. Laws 1929, §§ 4728, 4759, as amended by Act No. 253, Pub. Acts 1933 [Stat. Ann. §§ 9.1596, 9.1636]) ; but this load of mats in width was six to eight feet in excess of the maximum lawful load. Further it was loaded on top of the dump body of the truck which made the bottom of the load at least five feet above the road surface. This projecting load was only 18 inches from the top to the bottom of the mats, thus making only a narrow surface visible to the driver of an approaching vehicle. Defendants' truck, with its headlights

burning, was parked on its righthand side of a rural highway, but it was so near the center line of the highway that this 18-inch thick load, five feet or more above the road level, projected across the center line and into the path of the oncoming auto in which Mrs. Bard was riding. The condition created by defendants' unlawful conduct was decidedly unusual, deceptive, and dangerous. It was not discovered by the driver of the Bard car in time to avoid the accident. As bearing upon whether it should be held that such driver was guilty of contributory negligence as a matter of law, it was noted in the prevailing opinion that the statute as to headlights (1 Comp. Laws 1929, § 4738, as amended by Act No. 59, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 4738(b), Stat. Ann. § 9.1606]), provides that "the main bright portion of the beam" shall in no case be higher than 42 inches, 75 feet ahead of the automobile. This was merely noted as being a circumstance accompanying the Bard accident which should be taken into consideration with other disclosed facts in determining whether it should be held as a matter of law that the driver of the Bard car was guilty of contributory negligence. The prevailing opinion in the *Bard Case* holds that this was a question of fact, not one of law; and the conclusion seems to be well within our holdings in *Martin* v. *J. A. Mercier Co.*, 255 Mich. 587 (78 A. L. R. 520); *Marek* v. *City of Alpena*, 258 Mich. 637; and *Garrison* v. *City of Detroit*, 270 Mich. 237.

In the instant case the projection of the truck platform was only such as is common to motor vehicles of this character, not a violation of the law. It was such a vehicle as one might reasonably expect to find parked on a city street and one which could be discerned in the exercise of reasonable care

by the driver of an approaching vehicle. The fact that the platform extended substantially four and a half feet back of the rear axle of the truck is not a justifiable explanation of why Robson did not see the parked truck with its cab projecting above the platform in time to have avoided the collision. The projecting platform may have aggravated the result of the accident, but it cannot be said to have been the sole proximate cause thereof. This accident would not have happened except for Robson's careless driving. If he had been careful he would have seen the outlines of the truck and could have avoided the collision.

Plaintiff's case is strikingly similar to that reported in *Lett* v. *Summerfield & Hecht, supra,* where the vehicle in which plaintiff's decedent was riding collided with a lowered endgate on a van which was parked on the highway without lights. In that case we affirmed a directed verdict for defendant. See, also, *Cook* v. *City of Otsego,* 282 Mich. 248.

It is well-settled in this State that a driver must operate his automobile so that he can stop within the assured clear distance ahead. *Lett* v. *Summerfield & Hecht, supra; Haney* v. *Troost,* 242 Mich. 693; and *Ruth* v. *Vroom,* 245 Mich. 88 (62 A. L. R. 1528). Nor will blindness caused by oncoming headlights excuse one from the operation of the rule. *Ruth* v. *Vroom, supra.* Robson should have had his car under such control that he could have stopped when he knew, or should have known, that he could not proceed with safety. He testified that he could see vague outlines at 65 feet. At the rate he was driving and with his range of vision, notwithstanding the hindrance of the "blind spot" for an instant, he must have been able by the exercise of reasonable care to have seen this parked truck either before or after he passed the approaching car and in time to

have avoided the accident. Under the holdings of this court Robson, as a matter of law, was guilty of negligence which was a proximate cause of this accident in that he failed to drive his automobile at such a rate of speed that he could stop within the assured clear distance ahead and failed to keep such a lookout as is required by law.

"The driver of an automobile has the duty, not only to keep a lookout ahead and to have his car under control, but also to drive at such speed that he can stop within the range of his vision." *Wilkins* v. *Bradford,* 247 Mich. 157.

On the issue of contributory negligence we are not in accord with the conclusion reached by the trial judge. Because the driver of her car was guilty of negligence which is imputable to her, plaintiff cannot recover. The judgment entered in the circuit court is reversed without a new trial. Defendant will have costs of both courts.

WIEST, C. J., and BUSHNELL, SHARPE, and CHANDLER, concurred with NORTH, J.

McALLISTER, J. (*dissenting*). The driver of the car in which plaintiff was a passenger, testified:

"*Q.* Now, as you drove down Larchmont avenue, going west on this particular evening, considering the atmospheric conditions, and all the other circumstances, how far ahead of your car could you see?

"*A.* Well, I would say,—I could see objects from 60 feet to 65 feet ahead.

"*Q.* What part of these objects would you see 65 feet ahead?

"*A.* Well, a vague outline. Of course, the beam was tipped down, and the brightest part of the light was down close to the pavement."

The witness, however, was referring generally to objects ahead of him. He did not testify that he could see the outline of the truck, which was parked to the right of the highway, such a distance ahead.

The driver was proceeding a little to the right of the center line of the road. Defendant's truck was not parked directly ahead of plaintiff's driver. It was not in the path in which he was proceeding but was over to the right at the curb. It was unlighted. Plaintiff's driver was going 12 miles per hour. He could see directly ahead 60 to 65 feet. If he had continued in the path in which he was traveling, he would have passed defendant's truck on the left.

1 Comp. Laws 1929, § 4738, as amended by Act No. 59, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 4738, Stat. Ann. § 9.1606), provides:

"The headlamps and auxiliary driving lamps of motor vehicles shall be so constructed, arranged, adjusted and used that, * * * they will at all times mentioned in section forty-four and under normal atmospheric conditions and on a level road produce a driving light sufficient to render clearly discernible a person two hundred feet ahead, except when approaching an oncoming vehicle when it shall be sufficient to render clearly discernible a person seventy-five feet ahead."

1 Comp. Laws 1929, § 4736, as amended by Act No. 64, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 4736, Stat. Ann. § 9.1604), provides:

"Every vehicle upon a highway within this State during the period from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of two hundred feet shall be equipped with lighted front and rear lamps as in this section respectively

required for different classes of vehicles and subject to exemption with reference to lights on parked vehicles as declared in section forty-eight.''

1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697, Stat. Ann. § 9.1565), provides:

''Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.''

Under the atmospheric conditions testified to, the driver was not guilty of contributory negligence in seeing only 60 feet ahead. It is not claimed that his lights were defective. Before he turned to the right, he was not obliged to see defendant's truck.

Plaintiff's driver was bound to drive so that he could stop his car within the assured clear distance ahead. 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697, Stat. Ann. § 9.1565). But before he turned to the right, he could have stopped his car within the assured clear distance ahead, and, except for the oncoming car, there was no obstacle ahead of him which would require his stopping.

When the oncoming car approached, plaintiff's driver turned to the right to avoid it, and its lights momentarily blinded him, but he was not obliged to stop instantly. Such an act might have resulted in a collision with the oncoming car. He was not obliged, as a matter of law, to see the truck to the right of the path in which he was traveling, in the

dark, before he made the turn. Driving in the exercise of due care, there was no reason for him to anticipate the illegal conduct of defendant in leaving an unlighted truck parked at the side of the road. The fact that plaintiff's driver turned to the right immediately after being confronted by the oncoming car does not make him guilty of contributory negligence. Under the circumstances, plaintiff's driver could not, as a matter of law, be held to have been guilty of the contributory negligence of driving his vehicle at a speed greater than permitted him to bring it to a stop within the assured clear distance ahead. If the truck had been lighted, plaintiff's driver might have turned to the right, and slowed down, to avoid a collision with both the oncoming car and the truck.

*Shaeffer-Weaver Co.* v. *Mallonn,* 45 Ohio App. 1 (186 N. E. 514), is similar to the instant case. In that case, plaintiff, while driving an automobile with headlights illuminating the roadway for 200 feet ahead, was proceeding on a four-lane highway. He was on the right-hand side of the road in the inside lane, and, when confronted by an approaching car, turned to the right and collided with an unlighted truck standing in the outside right-hand lane of the highway. The truck was parked approximately 35 feet from the point where plaintiff left the inside lane to avoid the oncoming car. The court held that plaintiff was not guilty of contributory negligence. In affirming a judgment for plaintiff, the court said:

"In 1929, the general assembly inserted in Section 12603, general code, these words: 'And no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured

clear distance ahead.' Defendant contends that the plaintiff, by reason of the fact that he collided with defendant's truck, conclusively proves that he was driving his automobile at a greater speed than permitted him to stop within the assured clear distance ahead.

"Before the argument the court gave defendant's request to charge as follows:

" 'You are instructed that Section 6310-1 of the Ohio general code, now in force and effect in the State of Ohio, provides in part as follows:

" ' "Every motor vehicle   *   *   *   driven upon the public highways of the State, during the period from one-half hour after sunset to one-half hour before sunrise, and whenever fog renders it impossible to see at least two hundred feet ahead of such motor vehicle, shall display, while running, at least two lighted lamps on the forward part of such vehicle, one on each side and approximately of equal candle power;   *   *   *   which light or lights shall in clear weather be visible at least two hundred feet in the direction in which such motor vehicle is proceeding. Every motor vehicle so operated shall display a red light from behind,   *   *   *

" ' "Whenever there is not sufficient light within the limits of the traveled portion of the highway to make all vehicles, persons, or substantial objects clearly visible within a distance of at least two hundred feet, the forward lights which a motor vehicle   *   *   *   is required to display, shall, when the motor vehicle is in motion, throw sufficient light ahead to show any person, vehicle, or substantial object upon the roadway straight ahead of the motor vehicle for a distance of at least two hundred feet." ' '   *   *   *

" 'You are hereby further instructed that if you find from a preponderance of the evidence submitted to you in this case that the plaintiff was guilty of violating the provisions of the statute quoted above, that such violation by the plaintiff constituted negligence in and of itself, and if you further find from the evidence in this case, by the preponderance aforesaid, that such negligence directly and proximately caused or contributed to causing, in the slightest degree, the loss or damage of which the plaintiff complains, then the plaintiff cannot recover and your verdict must be for the defendant.'

"The jury, having returned a verdict for plaintiff, must have found from the evidence that the lights on plaintiff's automobile enabled him to see any substantial object upon the roadway straight ahead of his automobile for a distance of at least 200 feet, or, if they failed so to show, then that such failure so to show did not directly and proximately

cause or contribute in the slightest degree to the damages complained of.

"When plaintiff was driving on the second lane east of the west curb, which lane is hereinafter referred to as the second lane, he was not required by the statute to have lights illuminating the entire width of the road. If they illuminated said second lane, upon which he was then driving, for at least two hundred feet in advance of his automobile, that would be a compliance with Section 6310–1, General Code.

"When the general assembly enacted the last amendment to Section 12603, General Code (113 Ohio Laws, 283), they surely could not have intended the words 'assured clear distance ahead' to refer to the entire width of a 40- or 44-foot road, especially when driving at night. Had the plaintiff been driving in the day time, on said second lane, the assured clear distance ahead would certainly refer to said second lane, and any substantial object on the west lane, or the two east lanes, would not be within his assured clear distance ahead and would not require him to slacken his speed. When the plaintiff on that fatal night was within a few feet of the automobiles coming from Canton, there was no clear distance ahead of him on the two east lanes of the road, and, if they had not come so close to the center line, and caused plaintiff to turn to the right—and he had continued driving on said second lane until he came within a few feet of the truck,— there would have been no clear distance ahead of him on the east lane, yet he could have continued on said second lane and passed the truck in safety, without hitting it and perhaps without seeing it, because in such case the clear distance ahead of him on said second lane would have been more than 200 feet ahead of him.

"When the two automobiles from Canton were coming so close to the second lane that he deemed

it prudent to turn over to the right, and after so turning the truck suddenly loomed up about 30 or 35 feet ahead of him, he certainly could not be charged with a violation of the statute.

"When he was crowded to the right and could see no red light on the west lane, and nothing to indicate that there was a truck on said west lane, he had a right to presume and to act on the presumption that said west lane was safe for ordinary travel; that other drivers on said west lane were complying with the law; and that there would be no extraordinary danger or obstruction ahead of him on said west lane. He was driving 35 miles per hour, or about 51 feet per second, and it would only be about two-thirds of a second from the time he first saw the truck until the collision. It would take a part of that time to put his foot on the brake in an attempt to stop the car, and, while the evidence shows that he could stop the car in a distance of three or four car lengths, being 51 to 68 feet, it would be impossible for him to stop in the short distance remaining after he had placed his foot upon the brake.

"The evidence convinces us that plaintiff's lights enabled him to see more than 200 feet straight ahead when he was driving 35 miles per hour, and that, while driving at that speed, he could stop his car in the distance of three or four car lengths, or from 51 to 68 feet. Therefore, we conclude that plaintiff was driving his automobile at a speed that permitted him to stop within the assured clear distance straight ahead of his automobile and hence he was not violating the above-quoted amended section 12603.

"The jury may have found that the proximate cause of the injury was the parking of defendant's truck on the west side of the road, by its driver, or the failure to have the red light on the rear of the truck burning, as required by statute. The trial court ruled correctly in refusing to direct a verdict for defendant and in submitting the case to the jury."

Whether, under the circumstances, the driver of the automobile in which plaintiff was riding, in the instant case, was negligent in not stopping his car and avoiding the collision in the short space of time elapsing after he had turned and had seen the truck suddenly looming up in the dark in front of him, was a question of fact and properly subject to the determination of the trial court.

Judgment should be affirmed, with costs to plaintiff.

POTTER, J., concurred with McALLISTER, J. BUTZEL, J., took no part in this decision.