**MARCHAL, Admr., Plaintiff-Appellant v. FRANKMAN, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 612. Decided July 15, 1943.

338

Maher & Marchal, Greenville, for plaintiff-appellant.
Murphy & Staley, Greenville, for defendant-appellee.

## OPINION

By GEIGER, J.

This matter is before this Court on an appeal on questions of law from a decision of the Court below based upon a verdict of the jury, finding in favor of the defendant.

In the Court below there were a number of preliminary motions, none of which affects the case in this Court. A second amended petition is filed, which was further amended at bar before the trial.

Plaintiff is the administrator of the estate of E. F. O'Neil by appointment of the Probate Court of Darke County. He alleges that on the 28th day of October, 1941, at about 6:45 P. M., the decedent O'Neil was riding in a car being towed by another car in a northerly direction on Route 127, which is, within the limits of Greenville, Wagner Avenue; that at a point about forty feet south of the northern corporate limits of the city of Greenville an automobile belonging to and being driven by the defendant, Charles Frankman, in a southerly direction, crossed the center line of the highway onto the east side thereof and collided with the left side of the car being driven by the decedent, resulting in his death. It is alleged that the collision was due to the negligence of the defendant for four enumerated reasons:

(1) That the defendant was negligent in operating at a high and dangerous rate of speed;

(2) That due to his speed he could not bring his automobile to a stop within the assured clear distance ahead;

(3) In failing to keep his automobile to the right and west of the center line;

(4) In failing to keep a lookout for other vehicles using the highway; that the collision was the proximate result of the negligence of the defendant.

Plaintiff pleads the ordinance of the city of Greenville which is substantially the same as the corresponding provisions of the statute.

It is alleged that the plaintiff's decedent was fifty-eight years of age, and left surviving, his widow and a thirty-two year old son, for whose benefit the action is brought. A recovery of $10,000.00 is asked.

The defendant, Frankman, answers, setting up three defenses. His second defense was withdrawn from the consideration of the jury by the Court and is not of present interest. The first defense admits formal matters and that the accident occurred at the point alleged; that at said time defendant was driving in a southerly direction on a public highway; that the ordinances were in effect as alleged.

As a third defense it is alleged that at the time of the collision there was a road roller being operated by another person, and that the collision and resulting injuries were due solely to the negligent act of the driver of the road roller.

A reply is filed denying all the allegations of the answer not specifically admitted.

The evidence establishes the fact that at the time in question it was dark; that the headlights on both cars were lighted; that the collision occurred on a straight, level stretch of road, approximately 75 feet within the north corporate limits of the city of Greenville; that the street lights were burning; that the road roller in question weighed approximately seven tons and was then being operated in a southerly direction at about one and one-half miles per hour; that immediately preceding the contact of defendant's car with plaintiff's decedent's car, defendant's car struck the road roller; that at the time of the collision of the defendant's car with the road roller, the roller was on the west side of the highway; that the defendant who was a physician was then returning from the last professional call of the day, driving his car at a speed slightly more than twenty miles an hour along the west side of the road. There is no question of contributory negligence, as the decedent was seated in the car being towed on the east side of the road in its proper lane. The jury found in favor of defendant.

At the conclusion of the plaintiff's evidence a motion was made for a directed verdict, which was repeated at the close of all the evidence, both of which motions were overruled, as was a motion for a new trial on the usual grounds.

### ASSIGNMENT OF ERRORS.

Errors were assigned by the administrator-plaintiff on eight different grounds to the effect that,`

(1) The Court erred in overruling the motion for a new trial;

(2) The Court erred in refusing to charge the jury that the road roller and operator was a discernible object, and that the defendant was guilty of negligence as a matter of law in violating the assured clear distance ahead statute.

(3) That the Court erred in giving the twelve special charges requested by the defendant, objected to by the plaintiff.

(4) That the Court erred in refusing to give the special charges 4, 6, 7, and 10 requested by the plaintiff.

(5) That the Court erred in its general charge.

(6), (7) The verdict was contrary to law and against the weight of the evidence.

(8) Other errors.

As the collision of the Doctor's car with the road roller becomes an important feature of this case, inasmuch as it is claimed that he so operated his automobile as to violate the section relating to assured clear distance ahead, we take time to set out some of the testimony of the Doctor. He testifies that he was driving with his lights lighted; that he was in no particular hurry, inasmuch as his calls had been completed. He would not venture a statement as to the speed at which he was operating his automobile. He stated that he first observed the road roller just at the moment that he collided with it. He threw on his brakes, but his car struck the road roller squarely in the rear. He could not give definitely the position of the road roller as to the center line of the road, but it was to the right of the center line. When he observed the road roller he got the impression that the man operating the same was "right on the end of my car, right in front of my car". He states that he was practically on the roller before he saw its driver riding on the rear of the roller.

Two cars were passing northwardly at the time of his collision with the roller, they being on their proper side of the street. The weather was clear and dry, with no haze of any kind, and the pavements were dry. He was driving on the west side of the road which was his proper lane. The Doctor stated that the matter happened in just a split second. He got a glimpse of a small red light to his right and in that instant saw a man sitting on the driver's seat "almost the end of my hood. He seemed to be sitting right on the top of my car". He did not distinguish the outline of the roller at first. He knew

that it was something big. The time was so short between his discovery of the roller and his striking the same that he did not discover distinctly what it was. The roller was gray, very much the color of the highway.

The statute relating to assured clear distance ahead has been so frequently examined by the Court as to dispense with the necessity of detailed examination by us. The most recent declaration of the Supreme Court is found in **Smiley v Spring Bed Co., 138 Oh St 81.**

The interpretation of the statute as given in the second syllabus of the **Smiley case, supra,** introduces several new elements not contained in the statute itself. The distance is defined to be that between his motor vehicle and a **discernible** object, obstructing his path or line of travel. The question of what is a discernible object will give rise to much future contention, and is an element in the instant case. There is the exception, unless such assured clear distance ahead is without the driver's fault suddenly cut down or lessened by the entrance within such clear distance ahead into his path or line of travel of some obstruction which renders him unable in the exercise of ordinary care to avoid colliding therewith. This exception was announced by this Court in **Proctor v White, 22 Abs 115,** long prior to the **Smiley case.**

Hart, J., on page 88 says:

"The greatest difficulty and confusion in the application of the assured clear distance ahead rule arises in the determination of what circumstances may constitute an exception to it.

Such exceptions must arise out of sudden emergencies which change the situation for the operator of the motor vehicle, but which do not arise by reason of his own failure or neglect to comply with the rule."

We have again examined as we have frequently in the past, the different statements of the Supreme Court in reference to this rule. The pertinent ones may be found in **Smiley v Spring Bed Co., supra; Capelle v Railroad Co., 136 Oh St 203; Higby v Linderman, 131 Oh St 479; Kormos v Retail Creditmen's Company, 131 Oh St 471.**

**Hangen v Hadfield, 135 Oh St 281,** relates to a case decided by this Court, in which it is held that a driver failing to comply with the statute may excuse such failure and avoid the im-

plication of negligence per se by establishing the existence of certain facts over which he has no control.

There are so many decisions touching the proper interpretation of this statute that we refrain from further observation.

An important provision of the statute affecting driving after dark is §6310-1 GC, which provides that,

"Whenever there is not sufficient light within the limits of the travel portion of the highway to make all vehicles, persons or substantial objects clearly visible within a distance of at least 200 feet, the forward lights which a motor vehicle is required to display shall, when the motor vehicle is in motion, throw sufficient light ahead to show any person, vehicle or substantial object on the roadway straight ahead of the motor vehicle at a distance of at least 200 feet."

The defendant testifies his lights were properly burning, and if that be true, he should have had clear vision, either by the road roller itself being lighted or by the light thrown by his own light at least 200 feet ahead, so as to be able to see a discernible object. A seven ton road roller, four or five feet high and eight or nine feet wide is certainly a discernible object and we can not understand why the Doctor, presumably a careful driver, failed to recognize the fact that he was approaching this heavy machine at a speed which, if not checked before the impact, would certainly cause damage to his own car and possibly to other cars in the line of traffic.

We can arrive at no other conclusion than that the defendant in this case was guilty of negligence per se as a matter of law. He had much less excuse than the plaintiffs in the cases which we have cited, which include the collision between a moving automobile and one at rest, without displaying any light and being practically blended with the street where located by reason of mud and fallen leaves. The night in question in this case was clear; the road was dry, straight and level, and none of the excuses suggested in the Smiley case were available to him. It is true some argument advances the theory that the road roller suddenly entered his line of traffic so as to render him unable in the exercise of ordinary care to avoid colliding therewith. The road roller was a lumbering vehicle, proceeding slowly, and the only reason which we may conjure for running into its rear end, as the Doctor admits he did, without seeing it until he was practically in contact with

it, is that he was napping or very inattentive to the present business of driving an automobile on a public highway.

Those testifying to his collision with the road roller, stated that after the impact his car "bounced" from his right side to his left side of the road where he came in contact with the towed car in which the decedent rode.

We are not clearly advised as to what happened to the man driving the road roller at the time of the collision. He was dead at the time of the trial, not as a result of the collision, but from natural causes. We, therefore, are without the benefit of his testimony, but we do not see that it could vary the view that we have taken.

We, therefore, definitely arrive at the conclusion that the Doctor in the operation of his car was guilty of violating, without excuse, the provision of the statute and that he thereby became guilty of negligence per se, which proximately caused the accident resulting in the death of the decedent.

We shall now address ourselves to the further consideration of the assignment of errors, first giving attention to those assignments which relate to the charge of the Court, both special and general, and to the giving and refusing of requested charges.

Assignment No. 3 is to the effect that the Court erred in giving the twelve special charges requested by the defendant and objected to by the plaintiff. Manifestly it will be impossible for the Court to minutely analyze the several charges requested on account of the number involved. The Court states that the plaintiff has requested the Court to charge specially and has submitted requests to charge, Nos. 1 to 9, inclusive, and the Court states that Nos. 1, 2 and 3 are given; No. 4, refused; No. 5, given; No. 6, refused; No. 7, refused; Nos. 8 and 9, given. Proper exceptions to the giving of the special charges were taken by counsel, and request is further made that charge No. 10 be given, and the Court states that he would give No. 5 and not No. 10. The Court further states that all of the twelve charges requested by the defendant will be given, to which exceptions were reserved.

Defendant's charges Nos. 1, 2, 3, 4 and 5 were given and excepted to. These charges refer to formal matters, and the exceptions to their being given are not well taken.

Defendant's charge No. 6 relates to the operation of the road roller and charges the jury, if it find from a preponderance of the·evidence that the roller was operated in such a

346

manner as not to have disclosed its presence and location to an ordinarily prudent person, driving an automobile from the rear and proceeding in the same direction, in time to have avoided collision between said automobile and said roller, and if the jury further finds by such preponderance that as the result of such operation and without negligence upon the part of the defendant a collision between the roller and the defendant's car, did occur and that as a proximate result thereof, the car being operated by the defendant was diverted across the center line of the highway causing a collision resulting in injury to the plaintiff, said defendant is not liable and your verdict should be in favor of the defendant. We are of the opinion that the giving of this charge was prejudicially erroneous. We have already cited the cases and holdings of the Supreme Court that fix upon the defendant negligence per se on account of his collision with the road roller, and the damage resulting therefrom by his car being diverted into the car in which the decedent was riding. Assignment of error to charge No. 6, sustained.

Defendant's charge No. 7 advises the jury that a person confronted with a sudden emergency is required to use only that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances, and the jury is instructed that in applying the rule as to sudden emergency, if they find from the evidence that the defendant suddenly and without warning came upon the road roller and was thus placed in a position of imminent peril to himself and without sufficient time in which to determine the best course to pursue, and if the jury further finds that he acted as an ordinarily prudent man in the same circumstances would have acted, he is not liable for injuries caused by his machine, and your verdict should be in favor of the defendant.

We do not see any occasion under the evidence here to give any such charge to the jury relating to a sudden emergency. The emergency, if any, was the result of the negligence upon the part of the defendant in not keeping his car under proper control so as to stop within the limits of the assured clear distance ahead. We regard this charge under the circumstances as prejudicially erroneous and the assignment will be sustained.

Defendant's charge No. 8 relates to the ordinances of the city of Greenville setting out matters which are much the same as are provided by the statute, and to the effect that a speed

of 35 miles per hour under certain recited conditions was prima facie proper and not unlawful. Under the conditions we will overrule the assignment of error relating to Charge No. 8.

Defendant's charge No. 9 recites the fact that the second amended petition charges that the defendant at the time of the accident was driving his automobile at a rate of speed in excess of 60 miles. The Court charges as a matter of law that it is incumbent upon the plaintiff to prove the fact as charged, by a preponderance of the evidence in order to sustain the claim of negligence; and further, that if such negligence is proved it was incumbent to show that it was the proximate cause of the accident. The charge implies that unless a rate of speed of 60 miles per hour be established, the averment of negligence as to speed could not be supported. This, of course, is not the law.

There is no evidence indicating any such speed, and the giving of the charge simply tends to confuse the jury. The assignment will be sustained.

Defendant's special charge No. 10 relates to the fact that the action is brought for the sole benefit of the next of kin of the decedent, his widow and adult son, and that the plaintiff may not recover anything more than the financial loss suffered by said next of kin on account of the death of the decedent. The jury is instructed that the law awards nothing for pain and suffering and other incidental loss, but aims merely to compensate the next of kin, and that in event the jury finds that they are entitled to recover they may recover for financial loss, and to ascertain the amount of this, the enumerated conditions may be taken into consideration. This charge is substantially correct, and is not apparently prejudicial. The assignment of error touching the same will be overruled.

Defendant's special charge No. 11. In this the Court states that in order to recover of the defendant, the plaintiff is required to prove that the defendant was guilty of one or more of the acts of negligence alleged, but that the plaintiff must further prove that the negligent acts were the proximate cause of the collision. The Court charged that in the event you find that an independent cause beyond the control of the defendant intervened to become the sole cause of the collision, without which the collision would not have occurred, such independent cause became the proximate or direct cause of the injury to the plaintiff, and your verdict

should be in favor of the defendant, whether he was negligent in the operation of his automobile or not. This charge may be correct under certain circumstances, but there does not appear in the evidence any other independent sole proximate cause than the negligent act of the defendant. Though the jury may have found that the driver of the road roller was negligent and that such negligence was a contributing proximate cause of the cars colliding, it could not on this record say that such negligence was the sole proximate cause of plaintiff's decedent's injuries. So that the charge is not justified by the evidence and is prejudicial and the assignment of error thereto is sustained.

Defendant's charge No. 12. The Court charges in reference to proximate cause and instructs the jury that if it find by a preponderance of the evidence that the defendant was guilty of one or more of the acts of negligence in the operation of his automobile, that a slow moving, inconspicuous road roller, not under the direction of the defendant was being operated by another person, without lights in the rear, and that the defendant did not know of the presence of such road roller and by the exercise of reasonable diligence could not have learned of its presence in time to have avoided a collision, which did occur and caused the defendant's autmobile to be diverted across the center line of the highway and there collide with the automobile in which the plaintiff's decedent was riding, and if you further find that the defendant's automobile was being driven on the right side of the center line of the highway, and except for the presence of the road roller defendant's said automobile would have remained on the right side of the center line of the highway, the negligent operation of said road roller became the proximate and direct cause of decedent's injury and death, leaving the defendant's negligence, if any, as a remote cause thereof, and your verdict should be in favor of the defendant. This charge is manifestly erroneous. Whatever may be said as to negligence in the operation of the road roller, it will not absolve the defendant from liability under the assured clear distance ahead statute. The Doctor could not avoid the responsibility by pleading that the road roller was the proximate cause of the accident instead of his own negligent act. The charge is far removed from the law as set down in **Smiley, Appellee, v Bed Spring Co., 130 Oh**

**St 81,** and other cases which we have cited in reference to failure to operate a car in compliance with §12603.

The fourth assignment of error is to the effect that the Court erred in refusing to give special charges 4, 6, 7 and 10 requested by the plaintiff. We shall briefly note these charges and our conclusions as to whether or not the refusal of the Court to give the same was prejudicial error. The 4th charge recites the clear distance ahead statute and also paraphrases certain statements found in the opinion in **Smiley v Spring Bed Co., supra,** especially those statements of the Court found at the bottom of page 88 and the top of page 89. Having stated the law as claimed, this special charge is to the effect, if you find by a preponderance of all the evidence that the road roller and its operator had been in defendant's path for some time previous to the collision, and traveling in the same direction as the defendant's car, and you further find that defendant so operated his automobile that he could not bring it to a stop in time to avoid a collision with the road roller, he would then be negligent. This charge should have been given.

Charge No. 6 relates to the rule governing the operation of a car in passing traffic moving in the same direction as the car which it is claimed was being negligently operated. We think the charge as offered is a correct statement of the law, but are of the opinion that it has no reference to the facts disclosed in this case. There is no evidence that the accident occurred due to the fact that the defendant's car was in the act of passing slower moving vehicles going in the same direction.

Assignment as to refusal to give special charge No. 6 as requested, overruled.

Charge No. 7, refused, is to the effect that it was the duty of the defendant to keep his automobile to the right of the center line of the street upon which he was traveling at the time of the collision, and if you find that he failed to do so, he would be negligent and if such negligence was the proximate cause of the accident, the verdict should be for the plaintiff. We believe this is a correct but not an appropriate special charge under the facts in this case.

Charge No. 10, requested and refused, was to the effect that it was the duty of the defendant to drive his automobile

at such a speed that it would enable him to stop and avoid the collision with discernible object within the distance assured to him by the range of his vision. We believe this is a correct charge and should have been given, and that the refusal was prejudicial error. This assignment is sustained.

The foregoing matters cover all of the assignments of errors alleged to have occurred on account of giving or refusing to give special charges.

The 5th assignment of error is that the court erred in his general charge to the jury. Counsel does not point out the matters to which he especially alludes. One paragraph of the general charge upon which we comment is that, if the defendant was driving his automobile at such a rate of speed that he could not stop it within the assured clear distance ahead, he was negligent, but if he was driving his automobile at such a rate of speed that he could bring it to a stop within the assured clear distance ahead, then of course he was not negligent. This charge to the jury is subject to an interpretation that if the defendant **could** have brought his car to a stop, within the assured clear distance ahead, he was not negligent. It does not charge on the point that if he did not, as a matter of fact, stop within his assured clear distance ahead, he would have been negligent, unless such action could be excused under the rules laid down by the Supreme Court. We feel that there was prejudicial error on the part of the court in this part of the charge.

The Court further charges (p. 224 of the record):

"If you find that the defendant was operating his automobile on the right of the center or center line of said highway at the point of collision, and was in the exercise of ordinary care, and found himself confronted with a road roller directly in his path and on the right side of the center or center line of said highway, and further that defendant did not know of the presence of such road roller upon the highway and by the exercise of ordinary care could not have learned of its presence in time to have avoided the collision between his automobile and said roller, and that by reason of the resulting collision the automobile of the defendant was diverted into the left side of the center or center line of the highway, then and under such conditions the defendant would not be negligent as a matter of law."

Without going into detail we feel that in the first place there was no occasion to charge as to an emergency which did not happen, and the next, the charge is not in harmony with the decisions to which we have alluded and we feel that in this charge there was prejudicial error. On page 225, it is stated in the general charge:

"The answer of the defendant in the third defense alleges that the collision and resulting injuries were caused solely by the acts of negligence by the operator of the road roller at the time and place in question. If you find that such was the case, and that the sole cause of the accident was the negligent act or acts of the driver of the road roller, then, of course, your verdict should be for the defendant."

Under the facts disclosed in this case we see no occasion for this charge, which we think was prejudicial.

On page 226 the Court charges that the measure of damages is what was the actual pecuniary loss to the surviving spouse and son resulting from the death of the husband and father. In coming to a conclusion on this matter the jury may consider the habits of the deceased at the time of his death, whether or not he was an industrious man, his capacity for earning money and his age and expectancy of life and any other facts which you find the preponderance of the evidence to show, and award such sum to the plaintiff.

The Court submitted to the jury, as a factual question, whether or not the plaintiff had suffered any pecuniary loss by the death of her husband.

This whole question is thoroughly discussed in **13 Ohio Jurisprudence**, under the title, **"Death"**, §§75, 76, 83, 143, 144, 149, 158, 173, 239, 287, pages 429, 430, 438, 498, 501, 503, 510, 523, 583, 622, and also in **13 Ohio Jurisprudence**, under the title, **"Damages (Compensatory),"** §§42, 46, 116, 117 and 120, pp. 115, 120, 207, 214. Without quoting from these sections or discussing them, it is our judgment that they establish the law to be that, in this case, the plaintiff suffered some pecuniary damage and was entitled to a verdict in some amount.

The two issue rule which is presented at considerable length in the briefs, is succinctly stated in Hornbeck & Adams, Trial

and Appellate Practice, Sec. 107. In this case under the factual developments, in the light of the law, two issues are not presented to the jury as to one of which it could properly have found for the defendant.

It is our conclusion that if the record upon another trial of this case develops the same factual situation as here presented, the judge should instruct the jury that the plaintiff is entitled to a verdict in some amount and charge the measure of damages under the law as herein found.

If we are correct in our determination of the controlling law of this case, then many of the assigned errors which we have considered will be of no assistance in a new trial of the cause. However, it is our obligation to pass upon all errors assigned.

The judgment will be reversed and cause remanded for a new trial.

BARNES, P. J., and HORNBECK, J., concur.

## APPLICATION FOR REHEARING

No. 612. Decided September 28, 1943.

Murphy & Staley, Greenville, for defendant-appellee.
Maher & Marchal, Greenville, for plaintiff-appellant.

BY THE COURT:

Submitted on application of defendant-appellee for rehearing. Three grounds are assigned for the application all of which were considered by us in our original opinion. We recognize the force of the brief of appellee, but believe it would serve no good purpose to further pursue the discussion of the questions presented. The application will be overruled.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.