**REEVES, Plaintiff-Appellee, v. JOE O. FRANK COMPANY, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 635. Decided April 30, 1945.

564

Wilbur D. Spidel, Greenville, for plaintiff-appellee.
Marchal & Tillman, Greenville, for defendant-appellant.

## OPINION

By MILLER, J.

This is an appeal on questions of law from the Court of Common Pleas of Darke County, Ohio, wherein a judgment in favor of the plaintiff was rendered on the verdict of the jury. The substance of the errors complained of consist of the failure of the Court to instruct the jury to return a

verdict, at various stages of the trial, and in the failure of the Court to sustain the motion for a new trial and render judgment for the defendant, notwithstanding the verdict, and that the verdict of the jury is against the manifest weight of the evidence. There is also an assignment for misconduct of counsel for the plaintiff in examining witnesses and asking improper questions solely for the purpose of informing the jury that the defendant was insured in a casualty company. Concerning this assignment of error counsel for appellant has made no reference in its brief, and we are of the opinion that this objection is not well taken. In qualifying the jury each juror was asked whether or not he was the owner of any stock in an insurance or casualty company, and the record discloses that one of the jurors was challenged for this reason.

The record further discloses that one of the defense witnesses testified that he conducted an investigation of the accident on behalf of an insurance company. This fact was disclosed by one of the defense witnesses, and it can in no way reflect upon the conduct of counsel in the case.

The action was one for damages brought by George O. Reeves, the plaintiff-appellee herein, as the result of injuries he sustained in a collision between a car driven by himself, and the rear end of a truck owned by the defendant-appellant, The Joe O. Frank Company, a corporation. The collision took place on Octber 29, 1943, at or about 6:25 P. M., on State Route No. 71, approximately two miles southeast of Greenville, in Darke County, Ohio. State Route No. 71 at the place of collision is a two-lane highway of black top construction, 20 feet wide, and there is a level berm, approximately 10 feet wide on each side of the road. The road is level and straight and was free from any obstruction except that of the defendant's truck, the exact position of which was in dispute.

The defendant asserts that the left wheels of the truck were parked two or three feet on the traveled portion of the highway, and that the right side of the truck was on the berm of the road. The plaintiff claims, however, that the entire truck was parked off of the highway and on the berm of the road. The automobile driven by the plaintiff was being operated in a northwesterly direction on the said highway toward Greenville, Ohio, and just prior to the collision was being operated at a speed of 30 to 35 miles per hour. Its headlights were lighted and dim at the time of and prior to the collision.

The defendant's truck was a 1936 Chevrolet, ton and a half, flat bed truck, loaded with twenty-one empty barrels

held in place by ropes. tied around them. The driver of the truck had stopped for the purpose of adjusting the ropes around these barrels. There is a conflict in the testimony as to whether or not the truck was in motion at the time of the collision. The defendant contends that the truck was stationary, while it is the claim of the plaintiff that the truck suddenly pulled onto the highway and into and across the traveled portion of the road and immediately in front of the plaintiff's automobile. The collision occurred on the right side of the highway, the right front of plaintiff's car colliding with the left rear end of the truck. There was a car approaching from the opposite direction and the plaintiff had dimmed his lights in conformity with the requirements of §6307-88(b) GC. Just as these two cars had passed each other, and while the plaintiff's lights were still dimmed the truck appeared in front of the plaintiff about 25 feet away. The plaintiff testified that as this car was approaching him he could see the entire highway, and that there was no obstruction between him and the approaching car. The plaintiff was asked the following questions:

"Q. How far could you see? A. I made it very clear that between myself and the lights of the approaching car I could see him from the time that he came over the brow of the hill at McMiller's.

Q. You could see the lights? A. I could discern anything between those lights and mine that was on the highway that would be silhouetted against these lights.

Q. You didn't see this truck until you were 25 feet from it? A. I didn't see that car until I was passing the car when it approached. The truck wasn't on the highway before that.

Q. It wasn't on the highway until you were 25 feet away? A. That truck wasn't upon the highway until I was 25 feet from it.

Q. How far could you see the highway at that time with your lights? A. Normally with dim lights, or lights deflected down for approaching traffic you could probably see sixty to seventy-five feet ahead. With lights on the upper dim you could probably see within the vision of your lights at least couple hundred feet.

Q. Could you stop your automobile within the vision that you could see at that time? A. Why definitely anything that was there to see."

Testifying further, the plaintiff said:

"I know up until the time that the car was almost directly opposite me in passing me that there was nothing between him and myself. However, as soon as the car flashed by and I passed on, that instant this truck loomed up across the road in front of me. It was merely a brief moment. I had no chance to avoid the car to swerve or effectively apply my brakes or anything else. He merely came out of nowhere and was suddenly across the road in front of me."

The evidence shows that the truck tracks ran diagonally across the road from the point of impact. The truck came to rest after the collision in a diagonal position, with the front wheels on the berm across the road and the rear wheels extending to about the middle of the highway. There was some conflict as to whether or not the truck lights had been lighted prior to the collision, but this is not important. The evidence showed that the truck was in gear after the collision and that the ignition was on.

The driver of the truck testified that he was not in the cab, or just getting in at the time, while several witnesses testified that approximately five minutes elapsed after the accident before the cab door was opened, and then the driver fell out of the cab onto the ground. The record discloses that the truck was eight feet wide and that there was ample room for the truck to park completely on the berm.

The defendant attempts to invoke the assured clear distance ahead statute on the theory that the truck was parked on the main traveled portion of the highway and did not pull across immediately in front of the oncoming automobile. We have quoted quite extensively from the record to show that there was a dispute as to the location of the truck just prior to the collision. This, we believe, was a question of fact for the jury to determine, and the Court was correct in submitting it to the jury. The assured clear distance rule does not apply when a discernible object obstructing the path or line of driving suddenly enters within the clear distance ahead, and into the path or line of driving, suddenly cutting down or lessening the assured clear distance ahead, without the fault of the plaintiff.

The Court below instructed the jury fully as to the law and the special instructions requested by the defendant and permitted the jury to determine the facts in this case.

The case of **Smiley v Spring Bed Company, 138 Oh St p. 81,** is one of the leading cases under the assured clear distance

ahead statute. The composite rule as set forth in this case reads:

"The composite rule then may be stated as follows:

To comply with the assured clear distance ahead provision of §12603 GC, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object obstructing his path or line of travel, unless such assured clear distance ahead is suddenly cut down or lessened, without his fault, by the entrance within such clear distance ahead and into his path or line of travel of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith. Spencer v Taylor, 219 Mich., 110, 188 N. W., 461; West Construction Co. v White, 130 Tenn., 520, * * * 87 A. L. R., 898."

In applying the rule laid down here it is of vital importance whether or not the truck was parked on the main portion of the traveled highway or whether it was parked completely on the berm and then started up and cut across the highway in front of the plaintiff. If the latter was the case, then the assured clear rule would not apply and there would be no violation of §12603 GC by the plaintiff.

The latest pronouncement of our Supreme Court seems to be that of **Glasco, Appellant, v. Mendelman, Appellee,** decided July 26, 1944, and reported in **143 Oh St 653.** The first syllabus in this case reads as follows:

"In an action for personal injury where the jury determined that the negligence of the defendant was the sole proximate cause of the injury (even though plaintiff admittedly was guilty of negligence), and judgment was entered upon such verdict, on appeal on questions of law alone, a Court of Appeals is without authority to reverse such judgment and to render final judgment in favor of the defendant, where the evidence is such that reasonable minds could come to different conclusions upon the question of proximate cause."

If all the evidence of the plaintiff is considered in its most favorable light to the plaintiff, as the court must do in considering a motion to direct a verdict, plaintiff's evidence shows that the assured clear distance ahead rule does not apply and that this case falls within the excepted class of cases.

The appellant makes reference to the case of **Marchal,**

Admr. v Frankman, 41 Abs 336, decided by this Court, and being case No. 612 on the docket of the Court of Appeals of Darke County, Ohio. The reviewing court held in that case that Dr. Charles F. Frankman, the defendant, was guilty of negligence as a matter of law in striking a huge road roller, a discernible object moving at the speed of some two or three miles an hour on the main traveled portion of the highway. In that case, Dr. Frankman stated that he first observed the road roller just at the moment he collided with it. He could not give definitely the position of the road roller as to the center line of the road, but it was to the right of the center line. The instant case is distinguishable on the facts in that much of the evidence shows that the motor truck was parked off of the main traveled portion of the highway, and pulled onto the highway immediately in front of the plaintiff's automobile.

The appellant urges further that the plaintiff was guilty of contributory negligence as a matter of law in that his speed did not conform with the requirements of §6307-89 GC as he was traveling in excess of twenty miles per hour. We are of the opinion that this section of the Code has no application in the case at bar, for the reason that such section is applicable to vehicles which are lighted with lighted lamps only capable of revealing persons and substantial objects seventy-five feet ahead. The plaintiff's automobile was not equipped with such lights.

The evidence in this case was undisputed that the automobile of the plaintiff was equipped with good headlights which would show objects more than two hundred feet ahead; that it was equipped with dimmers and was being operated in compliance with §§6307-76 and 6307-88 GC, at the time.

With reference to the exception to the general charge to the jury, which is also complained of as one of the errors, counsel for the appellant makes no comment in its brief, and which we believe contains a correct statement of the law.

The verdict of the jury is, we believe, in accord with the evidence adduced, and is not against the manifest weight of the evidence.

The judgment of the trial court is affirmed.

HORNBECK, P. J. and GEIGER, J., concur.

570

## ON APPLICATION FOR REHEARING

Decided May 17, 1945.

BY THE COURT:
We find nothing in this application for rehearing which was not considered and discussed in our opinion.
The application is accordingly overruled.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.